**William WIMBLE, Appellant**

v.

**PARX CASINO AND GREENWOOD GAMING & ENTERTAINMENT, INC., d/b/a Philadelphia Park Casino.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 2011.
Filed March 9, 2012.

---

Keith W. Kofsky, Philadelphia, for appellant.

Andrew J. Kramer, Norristown, for appellee.

BEFORE: BOWES, GANTMAN and LAZARUS, JJ.

OPINION BY LAZARUS, J.:

William Wimble appeals from the order granting the preliminary objections filed by Parx Casino and Greenwood Gaming & Entertainment, Inc., d/b/a/ Parx Casino [1] (collectively, "Greenwood Gaming") and transferring venue from Philadelphia to Bucks County. After careful review, we affirm.

On October 22, 2010, Wimble filed a complaint against Greenwood Gaming alleging negligence with regard to an alleged incident that occurred on April 16, 2010 in which Wimble claims he tripped over a defective electrical cord and sustained serious injury. Greenwood Gaming filed preliminary objections to the complaint on November 16, 2010 in which it raised, *inter alia,* the issue of venue. Wimble filed an amended complaint on December 2, 2010. Greenwood Gaming filed preliminary objections to the amended complaint on December 29, 2010. Thereafter, Wimble filed a second amended complaint on January 14, 2011, to which Greenwood Gaming again filed preliminary objections. Wimble filed a response to these preliminary objections on February 17, 2011. By order dated March 7, 2011, the Honorable Sandra Mazer Moss sustained Greenwood Gaming's preliminary objections to Wimble's second amended complaint and transferred venue to Bucks County.

This timely appeal [2] followed, in which Wimble asserts that the trial court abused

---

1. Although Wimble named the defendant as "Greenwood Gaming & Entertainment Inc. d/b/a Philadelphia Park Casino c/o Turf Club Philadelphia," the defendant's correct name appears to be "Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino." *See* Preliminary Objections, 2/1/11, at ¶¶ 8(b)-(c).

2. *See* Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.").

its discretion by: (1) failing to apply the proper legal standard to determine the propriety of venue in Philadelphia; (2) failing to develop a factual record prior to making its determination; and (3) concluding on the record before it that Greenwood Gaming did not regularly conduct business in Philadelphia County.

■ Our scope and standard of review are as follows:

It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A Plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa.Super.2003) (citation omitted).

■ Wimble alleges that the trial court erred in failing to apply the correct legal standard in determining that venue was not proper in Philadelphia County. He also alleges that the court erred in concluding that Greenwood Gaming does not regularly conduct business in Philadelphia County. For the following reasons, these claims are without merit.

Rule of Civil Procedure 2179 provides that an action against a corporation may be brought in and only in:

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where the transaction or occurrence took place out of which the cause of action arose[.]

Pa.R.C.P. 2179(a). Here, the parties do not dispute that subsections (1), (3) and (4) are inapplicable. Rather, the dispute focuses on whether or not Greenwood Gaming "regularly conducts business" in Philadelphia County, thus rendering venue proper within that county.

■ In order to determine whether a corporation "regularly conducts business" in a county for venue purposes, the court applies a "quality and quantity" test of business contacts. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 579 A.2d 1282 (1990).

Quality of acts means those directly furthering, or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual. The acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

*Id.* at 1285 (citations and quotations omitted). Each case must be based upon its own individual facts. *Schultz v. MMI Products, Inc.*, 30 A.3d 1224, 1227 (Pa.Super.2011) (citation omitted).

In its preliminary objections, Greenwood Gaming argued that venue in Philadelphia was improper because: (1) the underlying incident occurred in Bucks, not Philadelphia, County; (2) Greenwood Gaming's principal, and only, place of business is located in Bucks County; and (3) Greenwood Gaming does not own property or conduct business in Philadelphia County.

In response, Wimble asserted that Greenwood Gaming conducts business in Philadelphia County through subsidiary corporations. Specifically, Wimble claimed that Greenwood Gaming owns

Bensalem Racing Association, Inc. ("Bensalem") and Keystone Turf Club, Inc. ("Keystone"), which in turn jointly own off-track betting facilities operating under the fictitious name "Turf Club," three of which are located in Philadelphia County. Wimble further asserted that "a substantial portion of Greenwood Gaming's advertising dollars are spent in Philadelphia" and that all of the Greenwood Gaming-related entities are "involved in the same type of business[,] i.e. gambling." Memorandum in Support of Response to Preliminary Objections, 2/17/11, at 6. In support of its claims, Wimble attached as an exhibit a "Breakdown of Ownership in the Organizational Chain" from the Pennsylvania Gaming Control Board purporting to demonstrate that Greenwood Gaming is the owner of Bensalem and Keystone. *See id.* at Exhibit A.

The trial court concluded that Greenwood Gaming sustained its burden of demonstrating that venue in Philadelphia was improper. First, the court rejected Wimble's claim that Greenwood Gaming's expenditure of advertising dollars in Philadelphia County established venue there, citing *Purcell, supra* ("Mere solicitation of business in a particular county does not amount to conducting business."). Next, the trial court noted that, contrary to Wimble's assertion, Bensalem and Keystone—owners of the Philadelphia Turf Clubs—are not, in fact, owned by Greenwood Gaming. Rather, the document from the Gaming Control Board demonstrates that Greenwood Gaming, Bensalem and Keystone are all owned by an entity known as "Greenwood Racing, Inc." [3] Thus, Bensalem and Keystone are not subsidiaries of Greenwood Gaming, but rather "sister" entities. As Wimble did not name

Greenwood Racing as a defendant, and because "there is no basis for venue based on the activities of a 'sister' corporation," the trial court concluded that the Philadelphia activities of Bensalem and Keystone were not attributable to Greenwood Gaming. Moreover, the trial court found that, even if the activities of the "sister" corporation were attributable to Greenwood Gaming, they would not be of the quality contemplated by the Supreme Court in *Purcell, supra,* as Greenwood Gaming operates a casino, while the Turf Clubs are off-track betting facilities.

Upon review, we conclude that the trial court did not abuse its discretion by transferring Wimble's case to Bucks County. The entirety of Greenwood Gaming's corporate activities occur in Bucks County. The underlying incident happened in Bucks County on the premises of Greenwood Gaming's only business location. Greenwood Gaming's advertising activities in Philadelphia do not amount to conducting business in that county. *See Purcell, supra.*

Like the trial court, we reject Wimble's argument that the Philadelphia operations of Greenwood Gaming's sister corporations should be attributed to Greenwood Gaming itself for purposes of determining venue. Although a parent and a wholly-owned subsidiary share common goals, they are still recognized as separate and distinct legal entities. *Shared Communications Servs. of 1800–80 JFK Blvd. Inc. v. Bell Atl. Props. Inc.,* 692 A.2d 570, 573 (Pa.Super.1997). Wimble does not cite, and we have not found, any case law supporting the notion that a corporation may be subject to venue based solely upon the business activities of a

---

3. Greenwood Gaming and Entertainment, Inc. is actually owned by a holding company named "Greenwood G & E Holding, Inc." which, in turn, is wholly owned by Greenwood Racing, Inc.

sister corporation in the jurisdiction in question.

▮ Lastly, we address Wimble's contention that the trial court abused its discretion by granting Greenwood Gaming's preliminary objections without developing a factual record. We begin by noting that "[a] trial court has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion." *Schultz, supra,* at 1228.

Wimble asserts that, pursuant to Pa. R.C.P. 1028(c)(2),[4] the court was required to obtain an evidentiary record before issuing its ruling. In support of this claim, Wimble cites *Hamre v. Resnick,* 337 Pa.Super. 119, 486 A.2d 510 (1984), and other cases in which this Court vacated a trial court's grant of preliminary objections and remanded for the development of a factual record, through depositions or otherwise. Because the cases cited by Wimble are distinguishable, this claim is meritless.

A review of the pleadings demonstrates that Wimble's sole factual dispute with Greenwood Gaming's assertion that it did not conduct business in Philadelphia was Wimble's contention that Greenwood Gaming's alleged subsidiaries, Bensalem and Keystone, conducted business there. However, this claim was based on Wimble's clear misreading of his own exhibits obtained from the Pennsylvania Gaming Control Board. The Gaming Control Board organizational breakdown presented by Wimble plainly indicates that Bensalem and Keystone are not, in fact, subsidiaries of Greenwood Gaming. Rather, Greenwood Gaming, Bensalem and Keystone are all wholly-owned subsidiaries of an entity known as Greenwood Racing, Inc. Having noted Wimble's misinterpretation of the corporate relationships amongst the relevant entities, the trial court concluded, as a matter of law, that the Philadelphia activities of Greenwood Gaming's sister corporations did not subject Greenwood Gaming to venue in Philadelphia County. As the sole issue of fact raised by Wimble was, ultimately, based on a false premise, the trial court was not required to look any further than the record before it to rule on Greenwood Gaming's preliminary objections.

▮ In *Hamre,* cited by Wimble in his brief, this Court acknowledged that, in many cases, it may be appropriate for a trial court to rule on preliminary objections relying only on the pleadings submitted by the parties. Specifically, such a procedure is correct where "no factual issues [are] raised which necessitate[ ] the reception of evidence." *Hamre,* 486 A.2d at 511. Because the allegation supporting the sole factual dispute raised by Wimble in this matter—that Greenwood Gaming owned subsidiary companies which regularly conduct business in Philadelphia County—was patently false, the trial court was left with a pure question of law, which was properly decided based upon the record before it.

Order affirmed.

▮

---

**4.** Rule 1028(c)(2) provides, in relevant part:
(2) The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise.
Pa.R.C.P. 1028(c)(2).