J-A25038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AARON RICHMAN, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF INSTITUTE OF TERRORISM RESEARCH AND RESPONSE, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL PERELMAN, | |
| Appellee | No. 953 EDA 2014 |

Appeal from the Order Entered February 27, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 4321, July Term 2013

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 21, 2015**

Appellant, Aaron Richman, appeals, for himself and derivatively, from the order sustaining the preliminary objection of Appellee, Michael Perelman, to improper venue, and transferring venue to York County, Pennsylvania, with costs and fees to be paid by Appellant.[1]  Appellant argues venue in Philadelphia was proper.  Under our standard of review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant refers to himself in both the singular and the plural.  For convenience and simplicity we will refer to Appellant in the singular throughout, while continuing to recognize that he appeals in a dual capacity.

Appellant Richman and Appellee Perelman are each fifty per-cent owners and co-directors of the Institute of Terrorism Research and Response, Inc. (ITRR), a Pennsylvania corporation with a registered office at 33 Kershaw Street, in York, Pennsylvania.

Appellant Richman is a resident of Israel, and "while in the United States" resides at an apartment in Elkins Park, Pennsylvania. (Complaint, 7/31/13, at 2). He functions as the public "face of the company," while Appellee Perelman, residing in York, manages the "back-office" operations, and does writing and research. (Trial Court Opinion, dated 2/27/14, and filed 2/28/14, at 2; *see also* Complaint, at 3 ¶ 9, ¶ 11).

ITRR has no physical place of business in Philadelphia. It maintains a Philadelphia post office box which it displays on its web site, corporate brochure, agreements, invoices, letter head, and email signatures. (*See* Trial Ct. Op., 2/28/14, at 1). The firm also maintains listed emergency response telephone numbers in Philadelphia, Washington, D.C., and Jerusalem, Israel. (*See id.*). There is no dispute that both parties "tout[ed]" ITRR as "a Philadelphia company," referencing the Philadelphia post office box as its address in an apparent belief that Philadelphia as a "larger city" projects a more suitable metropolitan image than does York for marketing purposes. ([Appellants'] Response in Opposition to [Appellee's] Preliminary Objections, 12/27/13, at 2; Appellee's Brief, at 12).

On occasion, when ITRR required office space in Philadelphia for meetings, etc. it "lease[d] temporary office [suite] space" from a temporary office operation, Regus business center, "on an as-needed basis." (Trial Ct. Op., 2/28/14, at 1; Appellant's Brief, at 5; *see also* [Appellant's] Response in Opposition to [Appellee's] Preliminary Objections, 12/27/13, at 2 (Appellant's Response to Preliminary Objections)).[2]

When Perelman announced plans in February, 2013, to leave ITRR and start his own competing organization, disagreements arose. Perelman apparently filed a writ of summons in York County on July 23, 2013. (*See* Appellee's Brief, at 7). About a week later, Richman filed the complaint underlying this appeal in Philadelphia County for himself and "derivatively on behalf of ITRR" alleging conversion, theft, and breach of fiduciary duty, including a motion for preliminary injunction and seeking an accounting and a declaratory judgment. (Complaint, at 2; *see also* Appellant's Brief, at 3-4; Appellee's Brief, at 7).[3]

Appellee filed preliminary objections, alleging improper venue, on October 30, 2013. Appellants opposed the preliminary objections, arguing

_____

[2] We observe that the Regus center is in the Clothespin Building, across from City Hall in Center City, Philadelphia's downtown office district, while ITRR's mailbox is in zip code 19111. (*See* Appellants' Response to Preliminary Objections, at 5, 7-8). We take judicial notice that zip code 19111 is miles away in the Northeastern section of the city.

[3] Specifically, the complaint also alleged, *inter alia*, that Perelman diverted $200,000 of ITRR funds for his personal or family use.

that "venue is proper . . . because ITRR's principal place of business in the United States is located in Philadelphia County, [it] regularly conducts business within Philadelphia County, and because transactions and occurrences related to [Appellant's] claims against Perelman were and are in Philadelphia County[.]" (Appellant's Response to Preliminary Objections, at 1).

As already noted, the registered address of ITRR was and remains 33 South Kershaw Street, in York. (*See* Trial Ct. Op., 2/28/14, at 1). Appellee Perelman resides in York, PA and in fact was served in York. (*See id.*, at 4). ITRR's bank account was opened at the Sovereign Bank in York (now Santander Bank). Appellants assert that "monies received . . . at the post office box . . . in Philadelphia . . . are deposited via Philadelphia local banks." (Complaint, at 3 ¶ 8).[4]

The trial court sustained the preliminary objections on February 27, 2014. This timely appeal followed.[5]

Appellant raises one multi-issued omnibus question for our review:

---

[4] Appellee asserts that checks are occasionally sent to the post office box and deposited by Richman's mother, who lives in Philadelphia. (*See* Preliminary Objections, at unnumbered page 4 ¶ 15). Other funds are transferred by wire. (*See id.*).

[5] The trial court did not order a statement of errors. *See* Pa.R.A.P. 1925(b). The court issued an opinion on April 8, 2014, adopting and incorporating the order of February 27, 2014, and the supporting opinion docketed on February 28, 2014. *See* Pa.R.A.P. 1925(a).

Whether the commerce court in Philadelphia committed reversible error by its determination that Philadelphia venue was improper in a civil action which included derivative claims of a corporation headquartered and located in Philadelphia against one of its owners and co-directors — a York County resident — relating to the corporation's internal affairs, governance, rights and obligations of its owners and directors, and where the [trial] court (a) did not accept as true [Appellant's] verified evidence in response to [Appellee's] unverified Preliminary Objection (including as to the past receipt of monies in Philadelphia which were converted by [Appellee], and the anticipated future receipt of monies in Philadelphia exposed to further conversion by [Appellee]), (b) improperly shifted the burden of proof to [Appellant], and (c) neither ordered the parties to conduct discovery on the venue issue if it had been required nor provided an opportunity to amend the complaint to easily cure the venue challenge[?]

(Appellant's Brief, at 2).[6]

Appellant argues in essence that venue in Philadelphia was proper because "ITRR's principal place of business in the United States is located in Philadelphia County, ITRR regularly conducts business within Philadelphia

---

[6] Appellant's lengthy and convoluted question, which intermingles at least three issues, facially fails to comply with Pennsylvania Rule of Appellate Procedure 2116, which in pertinent part provides that "[t]he statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a) (emphasis added). Similarly, Appellant's argument fails to comply with Pa.R.A.P. 2119(a), which in pertinent part provides that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Although we could waive Appellant's question on this basis, we will review it on the merits in the interest of judicial economy.

County, and because transactions and occurrences related to [Appellant's] claims were and are in Philadelphia County[.]" (Appellant's Brief, at 3). We disagree.

"Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error. . . . On questions of law, our standard of review is *de novo,* and our scope of review is plenary." ***Lugo v. Farmers Pride, Inc.***, 967 A.2d 963, 970 (Pa. Super. 2009), *appeal denied*, 980 A.2d 609 (Pa. 2009) (citations omitted). Similarly,

> [O]ur standard of review for a challenge to an order transferring venue is well settled.
>
> > A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.
> >
> > However, if there exists **any proper basis** for the trial court's decision to grant the petition to transfer venue, the decision must stand.
>
> An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will.

***Schultz v. MMI Products, Inc.***, 30 A.3d 1224, 1228 (Pa. Super. 2011) (emphasis in original) (citations and internal quotation marks omitted).

The Rules of Civil Procedure address venue in pertinent part as follows.

**Rule 1006. Venue. Change of Venue**

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[;]

\* \* \*

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff.

Pa.R.C.P. 1006(a)(1), (e).

Here, the trial court properly found that "the allegations in the complaint make it clear that Perelman's office or usual place of business is York." (Trial Ct. Op., at 4). The trial court's finding is supported by the record. Accordingly, the trial court correctly decided that under Pa.R.C.P. 1006(a)(1) venue was proper in York, where Appellee Perelman could be, and was in fact, served. Furthermore, the trial court reasoned, in effect, that if the allegation against Perelman is that he converted ITRR funds to his personal use, those alleged transactions would have had to occur in York County, and pertinent records would be located in York. (*See id.*, at 5). We agree.

Appellant's reliance on Pa.R.C.P. 2179 is misplaced. (*See* Appellant's Brief, at 17-19). That rule only applies to corporations or similar entities. Appellee Perelman is a natural person, not a corporation or similar entity.

Appellant's argument that Appellee failed to meet his burden of proof is unsupported by the record and unpersuasive. (*See id.* at 11-12). To the contrary, Appellant fails to establish that any of the transactions or occurrences by Appellee Perelman asserted in the complaint occurred in Philadelphia County.

Appellant also argues that the trial court should have ordered discovery or an evidentiary hearing. (*See id.* at 12-13). We disagree. "A trial court has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion." *Schultz*, *supra* at 1228 (citation omitted); *accord*, *Wimble v. Parx Casino and Greenwood Gaming & Entertainment, Inc.*, 40 A.3d 174, 179 (Pa. Super. 2012). Here, the trial court's conclusion is supported by the facts of record. We decline to disturb its proper exercise of discretion.

Moreover, Appellant's repeated bald allegation that ITRR had a principal place of business in Philadelphia by virtue of a post office box and the occasional rental of temporary office space is unsupported by reference to authority. "A business entity must perform acts in a county of sufficient quality and quantity before venue in that county will be established."

*Zampana-Barry v. Donaghue*, 921 A.2d 500, 503 (Pa. Super. 2007), *appeal denied*, 940 A.2d 366 (Pa. 2007) (citing **Purcell v. Bryn Mawr Hosp.**, 579 A.2d 1282, 1285 (Pa. 1990)). Here, Appellant's vague assertions of the occasional deposit of checks, or intermittent rental of temporary office space, do not meet the quantity/quality test. They do not establish Philadelphia "most certainly" as a "principal place of ITRR's business" under any controlling authority. (Appellant's Brief, at 18). Aside from citing generally to one case, without further discussion, Appellant offers none.[7] (**See id.**).

Nor does Appellant establish that the transactions and occurrences complained of would have occurred in Philadelphia. The original deposit of a check received in a mail-drop is not the transaction of which Appellants complain. Any alleged conversion would necessarily be by Appellee Perelman. There is no evidence of record that Perelman came to Philadelphia to effect any such alleged conversion. (**See** Appellant's Brief, at 16-17).

To the contrary, Appellant maintains that a transaction occurred in Philadelphia even if "Perelman[ ] act[ed] while in his bathrobe sitting in his

---

[7] **See Gale v. Mercy Catholic Medical Center Eastwick, Inc., Fitzgerald Mercy Div.**, 698 A.2d 647 (Pa. Super. 1997), *appeal denied*, 716 A.2d 1249 (Pa. 1998). Procedurally, **Gale** does not apply, because it addresses Pa.R.C.P. 2179, involving actions against a corporate entity, not at issue here. **See id.** at 650-51.

armchair in York." (*Id.* at 16). Appellants' hypothesis is entirely unsupported by any controlling authority or the facts of record. (*See id.*). Appellants' assertion is legally frivolous.

The trial court's decision is supported by the facts of record. Appellant's vague, generalized and unsupported assertions that Philadelphia is ITRR's principal place of business do not make it so, or even address the pertinent quality/quantity test.

We discern no abuse of discretion or error of law in the trial court's determination that Appellee is a resident of York County, and any alleged transactions complained of would have occurred in York. "[I]f there exists **any proper basis** for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Schultz*, *supra* at 1228.

Order affirmed.

Judge Donohue joins the Memorandum.

Judge Wecht files a Concurring Memorandum in which Judge Donohue joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2015