J-A32023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RITA WYSZYNSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREENWOOD GAMING & ENTERTAINMENT, INC. D/B/A PARX CASINO & RACING | |
| | No. 766 EDA 2016 |

Appeal from the Order February 12, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160101055

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 08, 2017**

Appellant, Rita Wyszynski, appeals from the order of February 12, 2016, sustaining the preliminary objections of Appellee, Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino and Racing, and transferring this matter to the Bucks County Court of Common Pleas.  We affirm.

On January 11, 2016, Appellant filed a complaint, alleging she was injured in a slip and fall on a wet floor in a restroom at Parx Casino.  **See** Complaint, 2/11/16, at ¶¶ 8-11.  Appellee filed preliminary objections to the complaint, arguing that venue was improper in Philadelphia County, as it does not regularly conduct business in Philadelphia, and Appellant's

_____

[*] Retired Senior Judge assigned to the Superior Court.

allegations of recklessness were not supported by the factual averments of the complaint. **See** Preliminary Objections, 1/19/16, at ¶¶ 6-48. Appellant filed a response in opposition, arguing that Appellee regularly conducts business in Philadelphia through extensive advertising campaigns. **See** Answer to Preliminary Objections, 2/1/16, at ¶ 31. The court sustained Appellee's objections and transferred the case to the Bucks County Court of Common Pleas.

Appellant filed a motion for reconsideration, timely appealed, and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[1] The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

1. [] Did the lower court abuse its discretion in transferring this case to Bucks County, where [Appellee] failed to sustain its burden of proof that it did not regularly conduct business in Philadelphia, and venue was proper in Philadelphia under Pa.R.C.P. 2179(a)?

2. Did the lower court abuse its discretion in transferring this case to Bucks County, where the defendant's pervasive advertising in Philadelphia is neither limited nor "mere solicitation," the defendant is successful in attracting Philadelphia residents to its casino, and the casino is located on Street Road, virtually on the border with Philadelphia?

Appellant's Brief at 4.

_____

[1] **See** Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.")

As Appellant's issues are interrelated, we will address them together for ease of analysis. Appellant claims that Appellee failed to sustain its burden of proving that it does not regularly conduct business in Philadelphia, because it advertises heavily in Philadelphia. *See* Appellant's Brief at 8. Appellant contends that the quantity of the advertising is far more than limited solicitation of business, and accordingly, the trial court abused its discretion in transferring venue. *Id.* at 8-9.

Our standard and scope of review are well-settled:

> It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A Plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists *any proper basis* for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa. Super. 2003) (emphasis in the original). The party seeking a change of venue bears the burden of proving such a change necessary. *Zampana-Barry v. Donaghue*, 921 A.2d 500, 502 (Pa. Super. 2007).

The Pennsylvania Rules of Civil Procedure provide that an action against a corporation may be brought in:

> (1) the county where its registered office or principal place of business is located;
> (2) a county where it regularly conducts business;
> (3) the county where the cause of action arose; or
> (4) a county where the transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a). Neither party disputes that Appellee has its registered office and principal place of business in Bucks County or that the cause of action arose in Bucks County. However, Appellant argues that Appellee "regularly conducts business" in Philadelphia County, rendering venue proper in Philadelphia.

Pennsylvania law regarding the transfer of venue is equally well-settled; the court applies the "quality" and "quantity" test to determine if a corporation's business contacts are sufficient to constitute regular business conduct for purposes of establishing venue. *See Purcell v. Bryn Mawr Hospital*, 579 A.2d 1282, 1285 (1990). The *Purcell* court further stated,

> [q]uality of acts means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are so continuous and sufficient to be general or habitual... [T]he acts of the corporation must be distinguished: those in aid of a main purpose are collateral and incidental, while those necessary to its existence are direct.

*Id*. at 1285 (citations, quotations and quotation marks omitted).

Our courts have consistently held that mere solicitation of business in a particular county does not amount to conducting business. *Id.* at 1287 (noting that advertisements in phone books and newspapers do not meet standards for the exercise of venue); *see also Battuello v. Camelback Ski Corp.*, 598 A.2d 1027, 1029 (1991) (finding that activities consisting "almost exclusively of advertisement, aimed at the solicitation of business" were insufficient to sustain venue "under the clear mandate of *Purcell*"); *Kubik v. Route 252, Inc.,* 762 A.2d 1119, 1124–26 (Pa. Super. 2000)

- 4 -

(holding contacts between Delaware County restaurant and Philadelphia County were incidental, where they consisted of solicitation of patrons by email newsletter, selling gift certificates to Philadelphia residents, and purchased goods in Philadelphia County); *Kisak v. Wheeling Park Comm'n*, 898 A.2d 1083, 1087 (Pa. Super. 2006) (holding that advertising, as the sole business activity alleged in Allegheny County, does not constitute regularly conducting business); *Wimble v. Parx Casino and Greenwood Gaming & Entertainment, Inc., d/b/a Philadelphia Park Casino*, 40 A.3d 174, 178 (Pa. Super. 2012) (holding that trial court properly transferred venue where all corporate activities occurred in Bucks County, incident occurred in Bucks County, and sole business activities in Philadelphia consisted of advertising).

Despite this well-established precedent, Appellant argues that Appellee's advertising, consisting of ads in Philadelphia newspapers and magazines, radio stations and television channels, and sponsoring events in Philadelphia, should be considered "substantial business." Appellant contends that the instant matter is distinguishable from *Wimble*, where no evidentiary record was developed as to the defendant's advertising in Philadelphia. *See* Appellant's Brief at 12 (citing in support *Wimble*, 40 A.3d at 179).

However, our case law makes clear that advertising is incidental to the purpose of the business. *See Kubik*, *supra*. Advertising, no matter how

pervasive, may not satisfy the *Purcell* analysis. Accordingly, the trial court did not abuse its discretion in transferring venue to Bucks County.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2017