J-S27017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CURTIS ANTHONY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PARX CASINO, PARX CASINO AND | : | No. 2904 EDA 2017 |
| RACING, PARK CASINO DESIGN, | : | |
| INC., GREENWOOD GAMING AND | : | |
| ENTERTAINMENT, INC., | : | |
| GREENWOOD RACING, INC., | : | |
| PHILADELPHIA PARK CASINO, AND | : | |
| PHILADELPHIA PARK CASINO AND | : | |
| RACETRACK | | |

Appeal from the Order August 8, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 1491  June Term, 2017

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 17, 2018**

Curtis Anthony appeals from the trial court's order sustaining Appellees', Parx Casino, Parx Casino and Racing, Park Casino Design, Inc., Greenwood Gaming and Entertainment, Inc., Greenwood Racing, Inc., Philadelphia Park Casino, and Philadelphia Park Casino and Racetrack (collectively, Parx), preliminary objections and transferring venue of the underlying negligence action to Bucks County.  After careful review, we affirm.

Parx, the largest casino gaming complex in Pennsylvania, is located at 2999 Street Road, Bensalem, Bucks County, Pennsylvania.  Parx is owned and operated by Greenwood Gaming and Entertainment, Inc., a wholly-owned

subsidiary of Greenwood G & E Holding, Inc., which, in turn, is a wholly-owned subsidiary of Greenwood Racing, Inc. Greenwood Racing, Inc., is also the parent company of multiple subsidiaries, including City Turf Club Op Co., which operates as the Turf Club in Philadelphia County. Neither Greenwood Gaming and Entertainment, Inc. nor Greenwood Racing are involved in the operation of the Turf Clubs.

On June 14, 2017, Anthony filed a complaint in the Court of Common Pleas of Philadelphia against Parx alleging that in October 2015 he sustained serious injuries while visiting the casino when he "was caused to trip, slip, stumble and/or fall by reason of a broken and defective walkway and curb" that Parx negligently failed to maintain, inspect, and repair. Anthony Complaint, 6/4/17, at ¶¶ 14-19. On July 12 2017, Parx filed preliminary objections alleging improper venue pursuant to Pa.R.C.P. 1006(e) (improper venue raised by preliminary objection) and 2179 (venue for personal injury actions). After Anthony filed several responses to Parx's preliminary objections, the court entered an order sustaining Parx's objections and ordering that the litigation be transferred, at Anthony's cost, to the Court of Common Pleas of Bucks County.

Anthony filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following issues for our consideration:

> (1) Under Pa.R.C.P. 2179(a)(2), can venue in a particular county be established over a parent corporation based upon the business activities of its subsidiary or sister corporation?

> (2) Under Pa.R.C.P. 2179(a)(2), can venue in a particular county be established based upon a corporation's efforts, through financial investment and litigation, to open a casino in that county?

Appellant's Brief, at 3-4.

Our scope and standard of review in venue transfer cases is well-settled:

> [A] trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A [p]laintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa. Super. 2003) (citation omitted).

Anthony alleges that the trial court erred in transferring venue of the case to Bucks County where venue properly lies in Philadelphia based upon Parx's sister corporations' business contacts.

Rule of Civil Procedure 2179 provides that an action against a corporation may be brought in and only in:

> (1) the county where its registered office or principal place of business is located;
>
> (2) a county where it regularly conducts business;
>
> (3) the county where the cause of action arose;
>
> (4) a county where the transaction or occurrence took place out of which the cause of action arose[.]

Pa.R.C.P. 2179(a).

In *Wimble v. Parx Casino & Greenwood Gaming & Entm't, Inc.*, 40 A.3d 174 (Pa. Super. 2012), the plaintiff presented our Court with the same

issue regarding whether he could bring suit against Parx in Philadelphia County after sustaining injuries from tripping over a defective electrical cord at the casino. Similarly, the trial court granted Parx's preliminary objections and transferred venue of the case to Bucks County, the site of the accident and also where Greenwood Gaming's corporate activities solely take place. *Id.* at 178. On appeal, plaintiff made the same argument as Anthony does here to keep venue in Philadelphia, claiming that Greenwood Gaming conducts business in Philadelphia County through subsidiary corporations such as Keystone Turf Club, Inc. *Id.* at 177-78. In *Wimble*, we rejected the argument that sister corporations should be attributed to Greenwood Gaming for purposes of determining venue, *id.* at 178, concluding they are considered separate and distinct legal entities. *Id.* Accordingly, we reject the same argument proposed by Anthony as we are bound to follow *Wimble* as binding precedent. Simply put, a corporation is not subject to venue based solely upon the business activities of a sister corporation in the jurisdiction in question.[1]

_____

[1] To the extent that Anthony asserts our Court committed legal error in *Wimble* when we relied upon a case for the general proposition that corporate parents and subsidiaries are "separate and distinct," we disagree. Appellant's Brief, at 24. Anthony would have us apply a "well recognized exception" where when "domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent, the parent corporation may be held to be 'doing business' in a jurisdiction 'under the façade of the subsidiary.'" *Id.* As Parx points out, Anthony has failed to show the overwhelming control by the corporate parent to invoke this exception. Accordingly, we decline to find that the exception applies in this case.

In his next issue, Anthony asserts that the court erred in transferring venue from Philadelphia County to Bucks County where Parx is involved in a joint venture effort to obtain a casino license in Philadelphia, which includes related litigation that constitutes "business contacts" sufficient to establish venue in that county. Again, we disagree.

Here, it is undisputed that Anthony's alleged accident occurred at a Bucks County casino that is operated by a corporation that only does business in Bucks County. **See** Pa.R.C.P. 2179(a). At the time Anthony filed his complaint, a license to operate a casino in Philadelphia had been awarded to a joint venture that included Greenwood Racing, Inc. However, to date, the license has yet to be issued. Accordingly, no building, slot machines or gaming tables, or customers currently exist in relation to this joint venture. Under such circumstances, we fail to see how the *anticipated* issuance of a casino license for a casino to be located in Philadelphia[2] creates either the quality or quantity of acts necessary to sustain venue in Philadelphia. **See Purcell v. Bryn Mawr Hospital**, 579 A.2d 1282, 1285 (1990) (Pennsylvania courts apply "quality" and "quantity" test to determine if corporation's business contacts are sufficient to constitute regular business conduct for purposes of establishing venue); **see also Shambe v. Delaware and Hudson Railroad Co.**, 135 A. 755, 757 (Pa. 1927) (defining "quality of acts" as "those directly,

---

[2] As Parx points out, litigation surrounding this joint venture and the issuance of the casino license has never taken place in the Court of Common Pleas of Philadelphia County.

- 5 -

furthering or essential to, corporate object;" defining "quantity of act" as those which are "so continuous and sufficient to be general or habitual").

Accordingly, we agree with the trial court's decision to transfer venue to Bucks County; the court did not abuse its discretion in granting Parx's preliminary objections on the basis of venue. *Fritz*, *supra*.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/18