J-A05001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARC ROSENBERG, D.M.D., P.C., AND MARC ROSENBERG, D.M.D. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 1150 EDA 2020 |
| NORTH PENN PEDIATRIC DENTAL ASSOCIATES, LLC;  MICHAEL WONG, DDS AND RICHARD J. GALEONE, DDS | : : : : | |

Appeal from the Order Entered March 6, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190801032

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                 **FILED APRIL 27, 2021**

Appellants, Marc Rosenberg, D.M.D., P.C. and Marc Rosenberg, D.M.D., (collectively, "Appellants") appeal from the March 6, 2020 order sustaining, in part, the preliminary objections filed by North Penn Pediatric Dental Associates, LLC, Michael Wong, DDS ("Dr. Wong"), and Richard J. Galeone, DDS ("Dr. Galeone") (collectively, "Dental Associates") and dismissing Appellants' complaint without prejudice.  The trial court sustained Dental Associates' preliminary objections as to venue only and transferred Appellants' complaint to the Court of Common Pleas of Montgomery County, Pennsylvania.  We affirm, in part, the order as it pertains to sustaining the preliminary objections and transferring the complaint to the Court of Common

_____

[*] Former Justice specially assigned to the Superior Court.

Pleas of Montgomery County, and vacate, in part, the order as it pertains to dismissing the complaint without prejudice.

The record demonstrates that on August 9, 2019, Appellants filed a *praecipe* for *writ* of summons in the Court of Common Pleas of Philadelphia County, Pennsylvania. Appellants subsequently filed a complaint on November 23, 2019, against Dental Associates for breach of contract (4 counts). Dental Associates filed preliminary objections challenging venue as improper, to which Appellants filed a response. On March 4, 2020, the trial court entertained argument on the parties' respective positions and thereafter sustained Dental Associates' preliminary objections on the grounds that venue in Philadelphia County was improper. The trial court dismissed Appellants' complaint without prejudice and transferred the matter to the Court of Common Pleas of Montgomery County. This appeal followed.[1]

Appellants raise the following issues for our review:

[1.] Did Appellants properly initiate the underlying action in Philadelphia County, Pennsylvania where the parties consented in writing to venue in Pennsylvania?

[2.] Did the trial court commit an error of law in its interpretation [or] application of the contractual venue selection clause?

[3.] Is venue in Philadelphia County, Pennsylvania reasonable?

Appellants' Brief at 4.

---

[1] Both Appellants and the trial court complied with Pa.R.A.P. 1925.

In sum, Appellants challenge the trial court's order sustaining Dental Associates' preliminary objections on the grounds that venue in Philadelphia County was improper. *Id.* at 14-32.

> Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error. Further, the construction of a statute raises a question of law. On questions of law, our standard of review is *de novo*, and our scope of review is plenary.

*Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 (Pa. Super. 2009) (citations omitted), *appeal denied*, 980 A.2d 609 (Pa. 2009).

> A plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to [sustain the preliminary objections and] to transfer venue, the decision must stand.

*Anthony v. Parx Casino*, 190 A.3d 605, 607 (Pa. Super. 2018) (citation and original brackets omitted). "[T]he presumption in favor of a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum; venue either is or is not proper." *Scarlett v. Mason*, 89 A.3d 1290, 1293 (Pa. Super. 2014) (citation omitted). The "question of improper venue is answered by taking a snapshot of the case at the time it is initiated: if it is 'proper' at that time, it remains 'proper' throughout the litigation." *Zappala v. Bandolini Property Management, Inc.*, 909 A.2d 1272, 1281 (Pa. 2006).

Pursuant to Pennsylvania Rule of Civil Procedure 1006(a), an action against an individual may be brought only in a county in which

> (1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or

> (2) the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.Civ.P. 1006(a)(1) and (2).

When the action is against a corporation or a similar entity,[2] the action may be brought in:

> (1) the county where its registered office or principal place of business is located;

> (2) a county where it regularly conducts business;

> (3) the county where the cause of action arose;

> (4) a county where a transaction or occurrence took place out of which the cause of action arose[;] or

> (5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.Civ.P. 2179(a)(1-5); *see also* Pa.R.Civ.P. 1006(b) (stating, that actions against corporations or similar entities may be brought only in counties designated by Rule 2179).  If the action seeks to enforce joint or joint and

---

[2] A limited liability company (LLC) is included within the definition of a "corporation or similar entity" for purposes of Rule 2179.  *See* Pa.R.Civ.P. 2176.

- 4 -

several liability against two or more defendants, whether the defendants are individuals, corporate entities, or a combination of both, the action may be brought against "all defendants in any county in which the venue may be laid against any one of the defendants[.]" Pa.R.Civ.P. 1006(c)(1).

A forum selection clause in a commercial contract "limits the place or court in which an action may be brought." *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 628 (Pa. Super. 2013). Pennsylvania courts have long held that,

> while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. Such an agreement is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action[,] then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness.

*Central Contracting Co. v. C.E. Youngdahl & Co.*, 209 A.2d 810, 816 (Pa. 1965). Forum selection clauses in commercial contracts will be upheld where those clauses are clear and unambiguous. *Patriot Commercial Leasing Co., Inc. V. Kremer Restaurant Enters., LLC*, 915 A.2d 647, 650 (Pa. Super. 2006), *relying on **Central Contracting, supra***.

- 5 -

The venue selection clause at issue in the case *sub judice* states,

10.6 Relief – In the event that [Dental Associates] or [Appellants] seek judicial enforcement of this agreement, the prevailing parties shall be entitled to recover from the other party the reasonable attorney's fees and costs of the [prevailing] party, and **both parties consent and agree to venue and service [of] process in Pennsylvania**.

Complaint, 11/23/19, at Exhibit A (emphasis added).[3]

Appellants assert that because the venue selection clause in the agreement designated Pennsylvania as the proper place for venue, the parties agreed that venue would be proper within any county in Pennsylvania. Appellants' Brief at 14-15. Appellants contend that, "[b]y agreeing to venue in Pennsylvania, the parties waived the right to challenge venue as improper for a lawsuit filed within the geographic region of Pennsylvania." ***Id.*** at 15. Appellants argue that the venue selection clause in the instant agreement "operate[s] as a waiver of objection to venue clause such that the parties waive the procedural right to object to venue as improper in Pennsylvania." ***Id.*** at 22. Appellants assert that "[i]mposing [Rule 1006 and Rule 2179] to overrule [the] contractual venue clause [of the subject agreement] goes against the [rule of law] set forth [in ***Central Contracting, supra***.]" ***Id.*** at 26.

_____

[3] Under the agreement with Dental Associates, Appellants were considered "an independent contractor providing orthodontic services for [Dental Associates'] dental practice." ***See*** Complaint, 11/23/19, at ¶18 and Exhibit A.

In sustaining Dental Associates' preliminary objections on the grounds that venue in Philadelphia County was improper, the trial court stated,

> the parties' forum-selection clause was clear and unambiguous. It stated that "both parties consent and agree to venue and service [of] process in Pennsylvania." The fact that the parties' forum-selection clause did not expressly state: (1) which particular county [] is [] proper venue for resolving contractual disputes, or (2) which party to the agreement has the right to choose which county [] is [] proper venue for resolving contractual dispute[s] (as would [be found in] a typical forum-selection clause) does not render the forum-selection clause unclear or ambiguous. When there is no such specific language in a forum-selection cause [regarding which county is proper venue in which to bring a cause of action], courts apply the standard venue rules under Pa.R.C[iv].P. 1006[ and Pa.R.Civ.P. 2179].
>
> . . .
>
> [T]he parties only agreed to venue in Pennsylvania. Under [the terms of this] forum-selection clause, the trial court recognizes that [Dental Associates] cannot challenge through preliminary objection[,] or otherwise[,] that venue was not proper in Pennsylvania but[,] rather[,] that venue is proper in another state. [However], the parties' forum selection clause does not - as urged by [Appellants] - state that the parties agreed that venue was appropriate in whatever county [] in Pennsylvania that [Appellants] chose to file their complaint. Instead, [] under their limited agreement, the standard venue rules under [Rule] 1006[ and Rule 2179] apply to any other objection to venue by [Dental Associates].

Trial Court Opinion, 8/27/20, at 3-4 (extraneous capitalization and footnote omitted).

Upon review, we concur with the trial court that pursuant to the agreement, the parties clearly and unambiguously agreed that Pennsylvania would be the proper venue for bringing a cause of action stemming from the

- 7 -

agreement.[4]  As the trial court noted, the agreement is silent as to the specific Pennsylvania county, or counties, in which an action may be brought and whether any party has an absolute right to select the Pennsylvania county in which to file an action.  The parties agreed, however, that the "agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania."  **See** Agreement at §10.5 (Situs).  We find no error of law or abuse of discretion in the trial court's reliance on Rule 1006 and Rule 2179 to determine that Montgomery County is the proper venue in which to bring Appellants' cause of action.[5]

The trial court found that, pursuant to Rule 1006, venue was proper in Montgomery County, and not in Philadelphia County, as to Dr. Wong and Dr. Galeone because:

> (1) the rules of civil procedure do not allow [Appellants] to serve [Dr.] Wong [or Dr.]Galeone in Philadelphia County; (2) the

---

[4] We find no merit to Appellants' argument that the parties' forum-selection clause limiting proper venue to Pennsylvania constitutes a complete waiver of all objections to venue.  Appellants' Brief at 22.  Provided that Appellants filed suit within Pennsylvania, we concur with the trial court that, under the express terms of the parties' agreement, Dental Associates waived only an objection to venue on grounds that the suit should have been filed in a state other than Pennsylvania.

[5] When attempting to interpret a contract, a "court may find it necessary to supply a term which is reasonable under the circumstances to rectify the parties['] omissions."  **Banks Eng'g Co., Inc. v. Polons**, 752 A.2d 883, 886 n.4 (Pa. 2000), *citing* Restatement (Second) of Contracts § 204 (1979) and Murray on Contracts § 90.  Here, the trial court relied on Rule 1006 and Rule 2179 in order to "supply" the omitted term of which county constituted proper venue for Appellants' cause of action.

[breach of contract] cause of action arose in Montgomery County, not Philadelphia County; (3) the transaction or occurrence, out of which the cause of action arose, took place in Montgomery County, not Philadelphia County; (4) the law does not otherwise authorize Philadelphia County as a proper venue for [Dr.] Wong [or Dr.] Galeone; and (5) the property that is the subject matter of the action is located in Montgomery County, not Philadelphia County.

Trial Court Opinion, 8/27/20, at 7, *citing* Appellants' Complaint at ¶¶46-49.

The trial court found that, pursuant to Rule 2179, venue was proper in Montgomery County, and not in Philadelphia County, as to North Penn Pediatric Dental Associates, LLC because:

(1) its registered office and principal place of business was located in Montgomery County, not Philadelphia County; (2) it did not regularly conduct business in Philadelphia County; (3) the [breach of contract] cause of action arose in Montgomery County, not Philadelphia County; (4) the transaction or occurrence, out of which the cause of action arose, took place in Montgomery County, not Philadelphia County; [and] (5) the property that is the subject matter of the action is located in Montgomery County, not Philadelphia County.

Trial Court Opinion, 8/27/20, at 7, *citing* Affidavit of Darlene Mullen, 12/10/19, at ¶¶2-4.

A review of the record demonstrates that in their complaint, Appellants failed to allege facts which establish that venue, pursuant to Rule 1006, was proper in Philadelphia County with respect to Dr. Wong and Dr. Galeone. Neither Dr. Wong nor Dr. Galeone resided in or worked in Philadelphia

County,[6] the cause of action (breach of contract) arose from Appellants' agreement to work as an independent contractor for Dental Associates' practice in Montgomery Country, and the events or transactions which led to the cause of action[7] occurred in Montgomery County. Therefore, Montgomery County is the proper venue within Pennsylvania in which to bring the instant action against Dr. Wong or Dr. Galeone and, conversely, Philadelphia County is an improper venue.

As to North Penn Pediatric Dental Associates, LLC, the record demonstrates that its principal place of business was in Montgomery County, it regularly conducted business in Montgomery County,[8] and, as discussed

_____

[6] Dr. Galeone resided in and worked in Montgomery County. Dr. Wong resided in Bucks County, Pennsylvania and worked in Montgomery County.

[7] Appellants allege that Dental Associates breached the agreement by, *inter alia*, failing to provide Appellants a right of first refusal to purchase a portion of the dental practice, using the services of other orthodontists at the practice without seeking Appellants' approval, and wrongfully terminating the agreement. **See** Appellants' Complaint, 11/23/19, at ¶¶46-54, 64, 74, 83, 92, 101.

[8] In determining proper venue pursuant to Rule 2179, courts employ a "quality-quantity analysis." **Hangey v. Husqvarna Prof'l Prods., Inc.**, ___ A.3d ___, 2021 WL 855456, at *3 (Pa. Super. Filed March 8, 2021) (slip opinion) (*en banc*). "Quality" refers to acts that directly relate to, further, or are essential to the business objectives of the defendant company and are not merely incidental acts. **Hangey**, 2021 WL 855456, *3. To determine if the defendant company does a sufficient quantity of business in a particular county, courts should consider the percentage of business derived from that county as compared to the over-all business. **Id.**; **see also Canter v. Am. Motor Corp.**, 231 A.2d 140, 141, 143 (Pa. 1967) (holding, that one to two *per centum* of sales, which ranged from $3.7 million to $4.1 million dollars in

*supra*, the cause of action, and the events and transactions which gave rise to Appellants' breach of contract cause of action, occurred in Montgomery County. Pursuant to Rule 2179, the proper venue in which to bring a cause of action against North Penn Pediatric Dental Associates, LLC is Montgomery County and, conversely, Philadelphia County is an improper venue.

Appellants aver that venue is nonetheless proper in Philadelphia County because Dental Associates regularly conducts business in Philadelphia County. In support of their averment, Appellants allege:

> 7. When [Appellants] performed work for [Dental Associates], [Appellants] had ties to Philadelphia County, including suppliers such as Orthopli Corporation, which is located in Philadelphia, [Pennsylvania].
>
> 8. [Dental Associates] hired other orthodontists who have significant orthodontic practices in Philadelphia County.
>
> 9. [Other] orthodontists who work at [Dental Associates also perform services as] orthodontists at Center City Orthodontics, which is located [in Philadelphia County].

Marc Rosenberg Affidavit, 2/27/20, at ¶¶7-9. The averments contained in Dr. Rosenberg's affidavit, namely that Appellants purchased supplies from a business located in Philadelphia County and that other orthodontists, who

---

total sales, that were derived from a particular county equated to regularly conducting business in that county); ***Monaco v. Montgomery Cab Co.***, 208 A.2d 252, 256 (Pa. 1965) (holding, that a taxicab company that collected five to ten *per centum* of its fairs from persons in a particular county regularly conducted business in that county); ***Zampana-Barry v. Donaghue***, 921 A.2d 500, 506 (Pa. Super. 2007) (holding, a law firm regularly conducted business in a county where it performed three to five *per centum* of its legal services), *appeal denied*, 940 A.2d 366 (Pa. 2007).

performed work on behalf of Dental Associates in Montgomery County, also performed work as orthodontists for other dental practices located in Philadelphia County, do not give rise to the quality of business required to demonstrate that Dental Associates regularly conducted business in Philadelphia County. Appellants failed to demonstrate that Dental Associates performed orthodontic services, which directly related to its business objectives, in Philadelphia County. Moreover, the record demonstrates that Dental Associates derived "over 99% of its gross revenues for services performed in Montgomery County" and of the 12,042 active patients seeking orthodontic services from Dental Associates, only 25 patients (or less than 0.002% of its active patients' rooster) were from Philadelphia County. *See* Affidavit of Darlene Mullen, 12/10/19, at ¶¶10, 14. Appellants failed to demonstrate that Dental Associates performs a quantity of its business in Philadelphia County sufficient to establish that it regularly conducted business in Philadelphia County.

Finally, Appellants argue that Philadelphia County is a reasonable forum for Appellants to bring a cause of action against Dental Associates. Appellants' Brief at 29-32. This reasonableness argument is, however, misplaced. Parties are free to agree contractually to a particular forum and Pennsylvania courts will enforce that agreement except when, *inter alia*, **that agreement** is unreasonable for the plaintiff. ***See Central Contracting***, 209 A.2d at 816 (holding, that a court must only look at the reasonableness of the forum selection clause when determining whether to enforce the terms of the

- 12 -

clause). Here, the parties agreed that Pennsylvania was a proper forum, but failed to agree specifically as to which county, or counties, within Pennsylvania the action could be litigated. Thus, an argument predicated upon the reasonableness test set forth in ***Central Contracting, supra***, could assert that Pennsylvania was not a reasonable venue, but that has not occurred in the case *sub judice*. Rather, Appellants agreed that Pennsylvania was a reasonable venue, and the trial court applied our procedural rules to ascertain a proper common pleas court **within Pennsylvania** in which the action could be brought. The trial court was not required to examine the reasonableness of Appellants' selection of Philadelphia County as proper venue because the parties did not agree to Philadelphia County as the proper venue pursuant to the terms of the agreement. Since the agreement was silent as to which Pennsylvania county, or counties, constituted the proper venue for a dispute between the parties, we concur with the trial court's application of a rule-based analysis to determine proper venue. Because Montgomery County was determined to be a place of proper venue pursuant to a rule-based analysis, and not as the result of an enforcement of the terms of the agreement, the ***Central Contracting*** reasonableness test is not necessary.

In sum, we discern no error of law or abuse of discretion in the trial court's order sustaining Dental Associates' preliminary objections on the basis

of improper venue and transferring the matter to the Court of Common Pleas of Montgomery County. [9]

Order affirmed, in part, as it pertains to sustaining the preliminary objections and transferring the complaint to the Court of Common Pleas of Montgomery County, and vacated, in part, as it pertains to dismissing the complaint without prejudice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2021

_____

[9] Pennsylvania Rule of Civil Procedure 1006(e) states that, "[i]f a preliminary objection to venue is sustained and there is a county of proper venue within the [Commonwealth of Pennsylvania,] the action shall not be dismissed but shall be transferred to the appropriate court of that county." Pa.R.Civ.P. 1006(e). Although a review of the March 6, 2020 order demonstrates that the trial court's intent was to transfer this matter to the Court of Common Pleas of Montgomery County, the trial court erred in dismissing Appellant's complaint without prejudice. *Id.*