J-A15002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN SILVA AND FERNANDA SILVA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PHILADELPHIA YEARLY MEETING, | : | No. 2729 EDA 2019 |
| A/K/A RELIGIOUS SOCIETY OF | : | |
| FRIENDS (QUAKERS) OF | : | |
| PHILADELPHIA & VICINITY | : | |

Appeal from the Order Entered July 30, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190203148

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 28, 2020**

John and Fernanda Silva, h/w, (collectively, Silvas), appeal from the trial court's order, entered in the Court of Common Pleas of Philadelphia County, sustaining the preliminary objections filed by Appellees, Philadelphia Yearly Meeting a/k/a Religious Society of Friends (Quakers) of Philadelphia & Vicinity (PYM), transferring venue of the underlying negligence action from Philadelphia County to Bucks County, and ordering the Silvas to incur all costs of transfer.  After careful review, we affirm.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We are aware that the trial judge, the Honorable Lisette Shirdan-Harris, indicated in her Pa.R.A.P. 1925(a) opinion that "[u]pon further review and this court's order, the court . . . respectfully request[]s that jurisdiction be relinquished and the matter be remanded."  Pa.R.A.P. 1925(a) Opinion,

Richland Friends Meeting (RFM), a non-profit Quaker congregation, is one of 103 local congregations affiliated with the larger regional body, PYM. PYM's Preliminary Objections, 6/4/19, Ex. B, at ¶¶ 6-8. PYM is a corporate entity with its principal place of business in Philadelphia; RFM is located at 206 Main Street, Quakertown, Bucks County, Pennsylvania. Plaintiffs' Second Amended Complaint, 5/17/19, at ¶¶ 3-4. PYM considers "all members of its constituent Friends meetings," such as RFM, members of PYM and allows them to attend PYM's triannual general body meetings to worship, discuss issues and concerns that affect the regional group, and join in fellowship. Plaintiffs' Opposition to PYM's Preliminary Objections, 6/19/2019, Ex. A.

On June 27, 2018, John Silva (John), a resident of Bucks County, sustained serious and permanent injury to his left knee after he allegedly "slipped and fell on water that had accumulated on the floor" of RFM's meetinghouse. Plaintiffs' Complaint, 3/1/19, at ¶ 5, 10. The Silvas filed a complaint in the Court of Common Pleas of Philadelphia on March 1, 2019, and named "Religious Society of Friends (Quakers) of Philadelphia & Vicinity,

_____

1/15/20, at 1. Although we are mindful of considerations of judicial economy, Judge Shirdan-Harris has provided no explanation of why remand is necessary. Moreover, upon our careful review of the record, we do not believe that any factual dispute exists with regard to the propriety of venue in Philadelphia. Accordingly, we believe that the trial court properly granted Defendants' preliminary objections and transferred the case to Bucks County without first ordering additional discovery.

**d/b/a** Richland Friends Meeting,"[2] as the sole defendant. Plaintiffs' Complaint, 3/1/19, at ¶ 3 (emphasis added). In the complaint,[3] the Silvas averred that the named defendant's failure to properly account for an "accumulation of water" just inside the entrance of the meetinghouse was the direct cause of Silva's injuries, which caused "significant pain and suffering" and "will continue to require significant medical care and treatment." *Id.* at ¶¶ 9-13.

On March 28, 2019, PYM filed its first set of preliminary objections, challenging the legal sufficiency of the Silvas' complaint and alleging improper venue pursuant to Pa.R.C.P. 1028(a)(1) (improper venue raised by preliminary objection) and 2179 (venue for personal injury actions). PYM Preliminary Objections, 3/28/19, at ¶¶ 18-26. PYM asserted that the Silvas' complaint failed as a matter of law because: (1) there was "no entity known," or in existence, with the name of the listed defendant; (2) PYM did not and had never "d/b/a" RFM; and (3) PYM did not exercise any control over or maintain any financial ties with RFM. *Id.* at ¶¶ 3, 9-10, 14-15. The Silvas subsequently amended their complaint on April 10, 2019, and again on May 17, 2019, naming RFM as a separate defendant in the lawsuit. *See* Plaintiffs'

---

[2] The Silvas later amended their complaint to list PYM and RFM separately as defendants. *See* Plaintiffs' Second Amended Complaint, 5/17/19.

[3] The complaint also made a claim for loss of consortium, alleging that Silva's wife, Plaintiff Fernanda Silva, "has been and will continue to be deprived of the companionship, support, society and assistance of her husband, John Silva, and has therefore sustained a loss of consortium[.]" Plaintiffs' Second Amended Complaint, 5/17/19, at ¶ 21.

Amended Complaint, 4/10/19, at ¶¶ 3-4, 11-15; Plaintiffs' Second Amended Complaint, 5/17/19, ¶¶ 3-4, 15-18.

In their second amended complaint, the Silvas alleged that PYM "exercise[d] supervision and control" over RFM through its governing bodies. Plaintiffs' Second Amended Complaint, 5/17/18, at ¶ 6. The Silvas also alleged that RFM "regularly conduct[ed] business activities essential to and in furtherance of the objects of both [RFM] and [PYM]." *Id.* at ¶ 7. Lastly, the Silvas alleged that "[RFM] and/or [PYM] . . . were responsible for the supervision, care, maintenance, and upkeep" of the RFM property, and that at all times relevant, RFM and PYM "acted through their employees, workers, agents, representatives, officers, and/or other individuals for whom defendants are legally responsible." *Id.* at ¶¶ 7-8.

PYM subsequently filed new preliminary objections on June 4, 2019,[4] in response to Plaintiffs' second amended complaint. The preliminary objections were affixed with certifications of Linell McCurry, the associate General Secretary for Business and Finance for PYM, and Susan Miller Abbott, the acting clerk for RFM. PYM Preliminary Objections, 6/4/19, Ex. B, Ex. C. These certifications stated, respectively, in part, that: (1) PYM did not have control over the day-to-day or maintenance operations of RFM; (2) PYM did not own the property on which RFM is located; (3) PYM did not sponsor, advertise, organize, attend or pay for the event on the date in question; (4) RFM had no

_____

[4] Pursuant to Rule 1028(c)(1), "[i]f [the non-moving] party has filed an amended pleading . . . the preliminary objections to the original pleading shall be deemed moot." Pa.R.C.P. 1028(c)(1).

registered office or principal place of business in Philadelphia County; and (5) RFM did not conduct any business transactions, own any property, have any employees, pay any taxes or advertise in Philadelphia County. *Id.* at Ex. B, ¶¶ 1, 5, 9-11; *Id.* at Ex. C, ¶ 3. Further, PYM averred that it had not held an annual meeting of PYM congregations in Philadelphia since 2012. *Id.* at ¶ 26.

Thereafter, the Silvas filed a motion in opposition to Defendants' preliminary objections, highlighting language from PYM's website which stated that: (1) "members of [RFM] are also members of [PYM]" (2) PYM convenes both regional meetings with the "100+ monthly meetings three times a year" as well as one-day "continuing sessions held twice a year;" and (3) members of the "monthly" congregations are "appointed to serve" on "councils" and "committees" to "determine priorities, [as well as] monitor and evaluate work within their areas of responsibility" for PYM. Plaintiffs' Opposition to PYM's Preliminary Objections, 6/19/19, at Ex. A.

On July 20, 2019, the trial court sustained Defendants' preliminary objections to improper venue and transferred the case to Bucks County, with costs to be borne by the Silvas. Order, 7/30/19. The court issued its ruling without first ordering discovery on any issues of fact. *See* Pa.R.C.P. 1028(c)(2) ("If an issue of fact is raised [in preliminary objections], the court shall consider evidence by depositions or otherwise.").

On August 23, 2019, the Silvas filed a motion for reconsideration to amend the court's transfer order, pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S. § 702(B), to have it certified as an interlocutory appeal, and for a stay of the

proceedings in the trial court pending appeal.[5]  On that same date, the Silvas filed a timely notice of appeal.  ***See Valley Forge Center Assoc. v. Rib-It/K.P., Inc.***, 693 A.2d 242 (Pa. Super. 1997) (filing of motion for reconsideration insufficient to toll appeal period; appeal period tolled only by timely order expressly granting reconsideration of final appealable order).  Defendants filed an answer and brief in "Opposition to Plaintiffs' Motion for Reconsideration" on September 11, 2019.  On September 25, 2019, the trial court denied Plaintiffs' motion for reconsideration.

The Silvas timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The Silvas raise one issue for our review:

> Did the Trial Court err in granting [Defendants'] preliminary objections challenging venue without providing [Plaintiffs an] opportunity to conduct discovery on the issue of venue when the pleadings raised a question of fact material to the question of whether venue is proper in Philadelphia?"

Appellants' Brief, at 2.

We evaluate the sufficiency of the trial court's reasoning through an examination of the complaint and the supplemental record.  ***Lugo v. Farmers***

---

[5] We note that the Rules of Appellate Procedure provide for an appeal as of right from an interlocutory order granting a petition to transfer venue from one county to another.  ***See*** Pa.R.A.P. 311(c); ***see also Goodman v. Pizzutillo***, 682 A.2d 363, 367 (Pa. Super. 1996).

*Pride, Inc.*, 967 A.2d 963, 966 (Pa. Super. 2009). Our scope and standard of review in venue transfer cases is well-settled:

> [A] trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A [p]laintiff's choice of forum is to be given great weight,[6] and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa. Super. 2003) (citation omitted). An abuse of discretion is not a mere error in judgment; rather, it must be shown that the trial court "missaplie[d] the law, exercise[d] its discretion in a manner lacking reason, or d[id] not follow legal procedure." *Continental Cas. Co. v. Pro Machine*, 916 A.2d 1111, 1115-16 (Pa. Super. 2007); *see also Francisco v. Ford Motors Co.*, 580 A.2d 374, 375 (Pa. Super. 1990) (holding that appellate court, in determining whether trial court abused its discretion, cannot "substitute [its] judgment for the judgment of the trial court").

Venue is where a particular action can be brought and decided; it is a matter of convenience for the litigants. *County Constr. Co. v. Livengood Constr. Co.*, 142 A.2d 9 (Pa. 1958). A defendant can challenge a plaintiff's chosen forum as "improper," through a preliminary objection to the complaint.

---

[6] A plaintiff's choice of forum is presumed to be valid, yet has no bearing on whether venue is proper in said forum; venue either "is or is not proper." *King v. Univ. of Pittsburgh*, 829 A.2d 673, 676 (Pa. Super. 2003).

***See*** Pa.R.C.P. 1028(a)(1).[7]  Subsequently, the trial court "shall determine promptly all preliminary objections.  If an issue of fact is raised, the court shall consider evidence by deposition or *otherwise*."   Pa.R.C.P. 1028(c)(2) (emphasis added).

The Silvas allege that the trial court misapplied the law and improperly transferred venue from Philadelphia to Bucks County without first allowing them to conduct any discovery on the following issues:  (1) whether RFM, a non-profit congregation based in Bucks County, regularly conducts association activities in Philadelphia County sufficient to avail itself of personal jurisdiction in that forum,[8] and (2) whether [PYM], as a regional Quaker corporation, "exercises 'supervision and control,' over [RFM.]" Appellant's Brief, at 6.

In Pennsylvania, venue is governed by Rule 1006, which states in pertinent part:

Rule 1006. Venue. Change of Venue

(b)    Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivision, Rule 2103; partnerships, Rule 2130; *unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.*

_____

[7] Pursuant to Pa.R.C.P. 1006(e), if objections to improper venue are not raised by preliminary objection they are otherwise waived.

[8] "As the Pennsylvania Supreme Court has explained, for procedural purposes, objections to venue are treated as raising a question of jurisdiction." ***Deyarmin, supra*** at 9 (internal citation omitted).

Pa.R.C.P. 1006(b) (emphasis added). Although Rule 1006 differentiates between "unincorporated associations"[9] and "corporations and similar entities," this distinction merely reflects the fact that unincorporated associations often do not have a principal place of business. The prerequisites for asserting venue pursuant to Rule 2179 for corporations closely mirror those of Rule 2156 for unincorporated associations, which provides that:

> (a)   [An] action against an association may be brought in and only in *a county where the association regularly conducts business or any association activity*, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of actions arose[.][10]

Pa.R.C.P. 2156(a) (emphasis added).[11]

_____

[9] Pursuant to Pa.R.C.P. 2151, an "association" as used in the chapter, "Unincorporated Associations as Parties," is defined as "an unincorporated association conducting any business or engaging in any activity of any nature whether for profit or otherwise under a common name, but does not mean a . . . corporation or similar entity as defined in Rule 2176." Pa.R.C.P. 2151 (Definitions).

[10] Pursuant to Rule 2179(a), venue is proper in actions against corporations in all fora listed in Rule 2156(a), as well as in the "county where the corporation's registered office or principal place of business is located[.]" Pa.R.C.P 2179(a).

[11] Upon "information and belief," the Silvas alleged that RFM, unlike PYM, is an unincorporated association. **See** Plaintiffs' Second Amended Complaint 5/17/19, at ¶ 4. In their preliminary objections, Defendants neither admitted nor denied this averment. However, they refer to RFM as a "non-profit congregation," PYM Preliminary Objections, 6/4/19, at ¶¶ 17 (internal citation omitted), and analyze the venue issue under Rule 2179. However, determining whether RFM is in fact an unincorporated association is not dispositive in our analysis —neither party disputes that RFM is based in Bucks County nor is the "principal place of business" prong of Rule 2179 relevant to the issue raised on appeal. **See** PYM's Preliminary Objections, 6/4/19, at ¶

In Pennsylvania, courts determine whether an organization "regularly conduct[s] business" for the purposes of establishing venue through an analysis of the "quality"[12] and "quantity"[13] of its contacts with a particular forum. ***Purcell v. Bryn Mawr Hosp.***, 579 A.2d 1282, 1285 (Pa. 1990). In ***Purcell***, the Supreme Court held that venue was not proper in Philadelphia, where the defendant, a Montgomery County-based hospital, had contractual affiliations with, recruited, and employed residents from several teaching hospitals in Philadelphia, as well as purchased supplies and services for its business, and received income from patients living in that forum. ***Id.*** at 1283-84. The Court reiterated its prior distinction that only "direct" contacts, compared to "collateral [or] incidental," avail an organization to venue in a particular forum.[14] ***Id.*** (internal citation omitted). The Court found that although the hospital's contacts were "in aid of the main purpose" of its business, they were not directly "furthering or essential to, corporate objects," as required to satisfied the quality analysis. ***Id.*** at 1285.

---

17; Plaintiffs' Second Amended Complaint, 5/17/19, at ¶ 4. Thus, we will analyze the issue pursuant to Rule 2156(a).

[12] "'Quality of acts' means those directly, furthering or essential to, corporate objects; they do not include incidental acts." ***Purcell v. Bryn Mawr Hosp.***, 579 A.2d 1282, 1285 (Pa. 1990) (internal citation omitted).

[13] "Quantity means those acts, which are 'so continuous and sufficient to be general or habitual.'" ***Id.*** (internal citation omitted).

[14] "In combined form . . . those in 'aid of a main purpose' are collateral and incidental, while 'those necessary to its existence' are 'direct.'" ***Id.*** (internal citation omitted).

Relying almost exclusively on this Court's holding in ***Deyarmin v. CONRAIL***, 931 A.2d 1 (Pa. Super. 2007), the Silvas claim that the trial court was required to permit discovery on the issue of venue, and its failure to do so was a misapplication of law. However, this is not so. ***See id.*** at 14-15. In ***Deyarmin***, this Court found that the trial court had not abused its discretion by failing to order discovery even though the moving party submitted affidavits in furtherance of its objections. ***Id.*** Although a trial court is typically required to resolve any factual disputes by ordering discovery, it has considerable discretion to determine the necessity for additional evidence before transferring venue. ***Purcell***, ***supra*** at 1024.

This Court has since reiterated that a trial court does not abuse its discretion *per se* by failing to order discovery on the issue of whether a defendant could satisfy the "quality-quantity" test. ***Fritz, supra*** at 1023-24 (Pa. Super. 2003). In ***Fritz***, this Court applied our Supreme Court's holding in ***Purcell***, concluding that venue was not proper in Philadelphia against a Bucks County-based juvenile institution even though the institution utilized the Philadelphia Court System and received roughly 35% of its students from the forum. ***Id.*** at 1023. In affirming the transfer of venue from Philadelphia to Bucks County, we stated that even though the "trial court's factual findings were made without the benefit of sworn depositions or an evidentiary hearing," there was "no abuse of discretion" because there existed "no disputed facts raised by appellant for purposes of establishing venue in

Philadelphia . . . which would have been dispositive to the question of venue."
***Id.*** at 1024.

Here, the Silvas' complaint fails to create a factual dispute with respect to RFM's contacts in Philadelphia County. In fact, outside of vague references to "meetings" that RFM allegedly attends "regularly and systematically," the Silvas' complaint lacks evidentiary support on this point. Plaintiffs' Second Amended Complaint, 5/17/19, at ¶ 7. The Silvas rely in large part on two screenshots of PYM's website that merely suggest that PYM, as an organization, holds regular meetings. Plaintiffs' Opposition to Defendants' Preliminary Objections, 6/19/19, at Ex. A. Critically absent from this evidence, however, is the location of the meetings that RFM allegedly attends[15] and whether RFM regularly attends these meetings in an official capacity. ***See also Wimble v. Parx Casino and Greenwood Gaming and Ent. Inc.***, 40 A.3d 174, 179 (Pa. Super. 2012) (holding that where parties' pleadings do not create factual disputes, trial court may rule on preliminary objections without ordering further discovery).

Pursuant to Rule 1028(a)(1), the moving party carries the burden of supporting its challenge to the court's jurisdiction, and must affirmatively

_____

[15] Defendants assert that PYM holds its yearly meetings all across the greater Philadelphia area and, as previously stated, has not held one in Philadelphia since 2012. Defendants' Brief in Opposition to Plaintiffs' Motion for Reconsideration, 9/11/19, at ¶ 9.

present evidence in furtherance of the allegations in the preliminary objection.

***Deyarmin, supra*** at 9.  As the ***Deyarmin*** Court explained:

> The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations.  It is only when the moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it.

***Id.***, citing ***Schmitt v. Seaspray-Sharkline, Inc.***, 531 A.2d 801, 803 (Pa. Super. 1987).

Although the Silvas did not initially bear the burden of defending the venue chosen in their complaint, they are required to establish the propriety of jurisdiction in the chosen forum once the defendant has properly raised jurisdictional issues.  ***Deyarmin***, ***supra***.  In their pleadings, the Silvas failed to rebut information contained in Susan Miller Abbott's certification regarding the limited nature of RFM's business in Philadelphia and the fact that RFM does not possess any offices, own property, have any employees, pay taxes, or advertise in Philadelphia.  PYM Preliminary Objections, 6/4/19, Ex. C., at ¶3. In fact, for almost four months (from the date that PYM filed its preliminary objections to the date the court granted a transfer of venue), the Silvas failed to dispute any of the testimony in Ms. Abbot's certification, instead relying almost exclusively on conclusory language in their many complaints.  ***See*** Plaintiffs' Amended Complaint, 4/10/19, at ¶¶ 5-6, 9; Plaintiffs' Second Amended Complaint, 5/17/18, at ¶¶ 6-9, 11-12.

Even if the Silvas were able to establish that RFM attended multiple yearly meetings in Philadelphia or had averred that PYM and RFM were

engaged in contractual affiliations, these contacts would still be insufficient under the *Purcell* "quality-quantity" test to subject RFM to jurisdiction in Philadelphia. Regardless of whether RFM engaged in "worship" or "fellowship" alongside PYM in Philadelphia, this activity does not affect RFM's main purpose – which is to provide a place of fellowship for its local community *in Bucks County*. Thus, we find that the trial court did not abuse its discretion in failing to order discovery on the issue of whether RFM had the requisite contacts in Philadelphia County to establish proper venue. *Wimble*, *supra*.

The Silvas next contend that the trial court should have permitted discovery on the issue of whether PYM exercises supervision and control over RFM, thus making PYM liable for the actions of RFM. Specifically, the Silvas allege that although the accident occurred at RFM's Bucks County property, venue may rest in Philadelphia because PYM, which is based in Philadelphia, exercises supervision and control over RFM's activities in Bucks County. Plaintiffs' Second Amended Complaint, 5/17/19, at ¶ 6. However, the Silvas present scant evidence to support this claim. Instantly, PYM's website does not suggest that it exercises control over any of the 103 regional congregations. Plaintiffs' Opposition to Defendants' Preliminary Objections, 6/19/19, at Ex. A. Rather, PYM's website merely states "all members of its constituent friends meetings are also members of [PYM.]" *Id*. In fact, PYM's website does not indicate, and the Silvas offer no other evidence to prove, that PYM has any direct control over RFM; thus, any correlative activity between the regional meeting and PYM's agenda is incidental. *Id.*

Further, there exists no evidence in the Silvas' second amended complaint or in the record pleadings to suggest that PYM's "councils" – the mechanism through which the Silvas allege PYM exercises control over regional congregations -- force its ideals or initiatives upon local associations like RFM. *Id.* As PYM's website explains, members of regional meetings are merely "encouraged to attend" yearly meetings to ensure a "larger pool of wisdom and insight." *Id.* The PYM website further explains that regional meetings, like RFM, have their own "meeting for business," in which they make decisions about their own "management, pastoral care, membership, property and social concerns of interest to the local group." *Id.* In her certification, Linell McCurry, the Associate General Secretary for Business and Finance for PYM, reinforced these claims found on PYM's website, explaining that PYM does not own or supervise the maintenance operations of the property, or control the day-to-day operations of RFM. *See* PYM Preliminary Objections, 6/4/19, Ex. B, at ¶¶ 9-11.

In Pennsylvania, there exists no prohibition on "forum shopping *per se* – to the contrary, our venue rules give plaintiffs various choices of different possible venues, and plaintiffs are generally free to 'shop' among those forums and choose the one they prefer." *Zappala v. James Lewis Group*, 982 A.2d 512, 521 (Pa. Super 2009) (internal citation omitted). However, while a plaintiff's choice of venue is typically afforded great weight, it is the court's responsibility to be mindful of attempts to manufacture venue and engage in improper forum shopping. In fact, this Court has distinguished between

"proper" and "improper" forum shopping. "Proper" forum shopping occurs when a plaintiff selects a certain venue for appropriate reasons, such as the selected venue is "closer to the office of plaintiff's attorney, or closer to a transportation center." ***Walls v. The Phoenix Ins. Co.***, 979 A.2d 847, 852 (Pa. Super. 2009). "[I]mproper forum shopping occurs when a plaintiff manufactures venue by naming and serving parties who are not proper defendants to the action" in order to "manipulat[e] the venue rules to create venue where it does not properly exist." ***Zappala, supra*** at 521.

Here, the Silvas' original and amended complaints suggest that their focus has been to create venue in Philadelphia against RFM, even though the accident, property, plaintiffs, and local organization are all located or based in Bucks County. Initially claiming that PYM "d/b/a" RFM, the Silvas' erroneous naming of Defendants in the instant lawsuit, even after Defendants addressed these mistakes in their preliminary objections, acts as a transparent attempt to create venue where it does not lie.

The Silvas now ask us to disregard the evidence that disproves venue in Philadelphia County, which they have failed to dispute for several months, and require the court to order discovery. However, there have been no facts pled to support the Silvas' assertions that PYM was responsible for maintaining, supervising, or caring for RFM's property or event on the date in question. Under such circumstances – where no factual disputes exist – additional discovery is unnecessary. ***Wimble***, ***supra.*** Accordingly, we conclude that the trial court did not abuse its discretion or misapply the law

- 16 -

by not ordering additional discovery before transferring this case to Bucks County, the venue with a real connection to the instant action. ***Deyarmin, supra.*** Thus, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2020