577 A.2d 644

**Kimberlee PANZANO, Appellant,**

v.

**The LOWER BUCKS HOSPITAL, Jerry F. Naples, M.D., Richard L. Turner, D.O., Harish C. Chawla, M.D., Frank M. Rech, M.D., and Jerold M. Snyder, D.O., Appellee.**

Superior Court of Pennsylvania.

Argued May 1, 1990.

Filed July 18, 1990.

Mark S. Pearlstein, Philadelphia, for appellant.

Steven D. Costello, Philadelphia, for Lower Bucks Hosp., appellee.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

DEL SOLE, Judge:

In this appeal, Kimberlee Panzano claims that the trial court erred in granting preliminary objections on the basis of improper venue, and improperly transferred this medical malpractice action from Philadelphia County to Bucks County, Pennsylvania. Appellant contends that venue was proper in Philadelphia County, because Lower Bucks Hospital "regularly conducts business" in Philadelphia County. 42 Pa.C.S.A.; Rule 2179(a)(2).

Our standard of review regarding orders determining venue was articulated by our supreme court in *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 208 A.2d 252 (1965). In *Monaco* the court stated, "Each case must depend on its own facts. Accordingly, we will not overturn a lower court's determination that a corporation was not regularly conducting business in a particular county when such conclusion is a reasonable one in view of the facts." *Id.,* 417 Pa. at 143, 208 A.2d 252; *Accord, Purcell v. Bryn Mawr Hospital,* 379 Pa.Super. 626, 631–632, 550 A.2d 1320 (1988) (en banc).

■ After a close review of the record, we find that the trial court's conclusion that Lower Bucks Hospital was not regularly conducting business in Philadelphia County is reasonable. We also hold that the trial court properly distinguished the facts in this case from those in the leading case, *Purcell v. Bryn Mawr Hospital, supra.* Accordingly, on this issue, we affirm on the trial court's opinion.

■ Appellant, however, also argues that because not all the defendants raised the issue of improper venue in their preliminary objections, *See,* 42 Pa.C.S.A.; Rule 1006(e), these defendants waived this issue. Furthermore, this then triggers 42 Pa.C.S.A.; Rule 1006(c), which states:

An action to enforce joint or joint and several liability against two or more defendants except actions in which the Commonwealth is a party defendant, *may be brought against all defendants in any county in which the venue may be laid against any one of the defendants.*

Thus, Appellant concludes that because some defendants waived any objection to venue, venue must be proper against all the defendants including the defendant who challenged venue.

We disagree. Waiver of objection to improper venue does not amount to a finding that venue is proper and "may be laid" there. Therefore, an action which may be brought in a particular county, because a defendant has waived objection to it, is not necessarily an action in which venue is properly laid for the purposes of Rule 1006(c). As Appellant fails to cite any case law supporting her argument, we will not endorse this interpretation of Rule 1006(c). Such an interpretation would lead to the determination that one defendant's waiver of a right to challenge the propriety of a specific venue, results in waiver for all defendants.

We therefore affirm the order of the trial court transferring venue to Bucks County, Pennsylvania.