Joseph A. SCHULTZ and Dorothy A.
Schultz, His Wife, Appellants

v.

MMI PRODUCTS, INC., t/d/b/a Mead-
ow–Burke Products, A.L. Patterson,
Inc., Gambone Development Co., Gam-
bone Construction Co., and Modern
Precast Concrete, Inc., Appellees.

Joseph A. Schultz and Dorothy A.
Schultz, His Wife, Appellants

v.

MMI Products, Inc., t/d/b/a Meadow–
Burke Products, A.L. Patterson, Inc.,
Gambone Development Co., Gambone
Construction Co., and Modern Precast
Concrete, Inc., Appellees.

Joseph A. Schultz and Dorothy A.
Schultz, His Wife, Appellants

v.

MMI Products, Inc., t/d/b/a Meadow–
Burke Products, A.L. Patterson, Inc.,
Gambone Development Co., Gambone
Construction Co., and Modern Precast
Concrete, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Aug. 24, 2011.
Filed Oct. 21, 2011.

Edward M. Brennan, Pottsville, for appellants.

John H. McCarthy, Philadelphia, for A.L. Patterson, appellee.

Theodore M. Schaer, Philadelphia, for Gambone, appellee.

Stephen J. Parisi, Philadelphia, for MMI, appellee.

William H. Resch, Jr., Philadelphia, for Modern Precast, appellee.

BEFORE: BOWES, ALLEN, and PLATT *, JJ.

OPINION BY PLATT, J.:

Appellants, Joseph A. Schultz, and Dorothy A. Schultz, his wife, appeal from the orders of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of Appellees, Modern Precast Concrete, Inc., and A.L. Patterson, Inc., to venue and transferring these consolidated cases[1] to Lehigh County. We affirm.

Appellants allege that on January 16, 2008,[2] Appellant, Joseph A. Schultz, sustained injuries while working as a pipe foreman for a contracting company, at a construction site in Lehigh County[3] when an anchor device in a twenty ton concrete box culvert broke, causing a come-along to whip back and strike him in the head, face, chest and arms.[4] Appellants are residents of Schuylkill County.

---

* Retired Senior Judge assigned to the Superior Court.

1. These cases were consolidated *sua sponte*, *per curiam*, by order of February 9, 2011.

2. The Trial Court Opinion recites the date of the accident as May 16, 2008. (*See* Trial Court Opinion, 5/16/10, at 1).

3. Except for the reference to Lehigh County, Appellants do not specify the location of the place of injury.

4. A come-along is a type of winch usually consisting in part of a cable.

On December 18, 2009, Appellants commenced an action in the Court of Common Pleas of Philadelphia County by filing a writ of summons against MMI Products, Inc., T/D/B/A Meadow–Burke Products, A.L. Patterson, Inc. (A.L. Patterson), Gambone Development Company, Gambone Construction Company, and Modern Precast Concrete, Inc. (Modern Precast). On July 28, 2010, Appellants filed a complaint against all Appellees, asserting several theories of liability.[5]

All Appellees filed preliminary objections, on various grounds, and Appellants filed an amended complaint. All of the Appellees again filed preliminary objections. In particular, Modern Precast and A.L. Patterson objected to venue on the ground that they did not regularly conduct business in Philadelphia County. Modern Precast attached an affidavit from its chief financial officer, averring in pertinent part that it had three business locations: Bethlehem, PA, in Lehigh County; Easton, PA, in Northampton County; and Ottsville, PA, in Bucks County, all outside of Philadelphia, and that it neither owned nor leased property in Philadelphia County. Furthermore, the affidavit stated that in both 2008 and in 2009 only .8% of Modern Precast's sales came from Philadelphia; in 2010, 1.3% of its sales were from Philadelphia.[6]

On November 1, 2010, the trial court granted the preliminary objections of Appellees, Modern Precast and A.L. Patterson, and transferred the case to Lehigh County.[7] This timely appeal followed.[8] Appellants also filed a court ordered statement of errors pursuant to Pa.R.A.P. 1925(b).

Appellants raise two questions on appeal:

Did the trial court abuse its discretion by transferring this case to Lehigh County when Philadelphia County had jurisdiction of three out of the five corporate Defendants?

Did the trial court abuse its discretion by failing to make a record and by placing the burden of proof on [Appellants]?

(Appellants' Brief, at 4).

■■■ Preliminarily, we note that Appellants have framed their first issue as a question of jurisdiction. However, the rest of the brief exclusively addresses venue. In pertinent part, Rule 2116 of the Pennsylvania Rules of Appellate Procedure provides that: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Before examining the procedure for resolving preliminary objections to venue, it is important to review the distinction between jurisdiction and venue. As our Supreme Court has explained:

Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy pre-

---

5. Mrs. Schultz sued for loss of consortium. Only Mrs. Schultz signed a verification for the amended complaint.

6. The 2010 sales figures were presented as up to the date of the affidavit. (*See* Affidavit of James P. Loew, Chief Financial Officer of Modern Precast Concrete, Inc., 9/22/10).

7. Separately, on October 20, 2010, the trial court granted the preliminary objections of MMI Products, Inc., t/d/b/a Meadow–Burke Products, and dismissed the case against it

with prejudice. The trial court denied Appellants' motion to certify this order as final; this Court denied Appellants' petition for review of the trial court's denial on February 4, 2011. The trial court denied Appellants' motion for reconsideration on February 8, 2011. MMI Products did not file a brief in this appeal.

8. *See* Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue....").

sented. *McGinley v. Scott,* 401 Pa. 310, 164 A.2d 424 (1960). Jurisdiction is a matter of substantive law. *Id.* at 428; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).

Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *McGinley,* 164 A.2d at 427–28. Venue is predominately a procedural matter, generally prescribed by rules of this Court. *Id.* at 429; 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa. R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).

Subject matter jurisdiction and venue are distinct. However, since jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists. 92A C.J.S., Venue § 2. The terms are often used interchangeably because they must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy.

*Commonwealth v. Bethea,* 574 Pa. 100, 113–14, 828 A.2d 1066, 1074–75 (2003), *cert. denied, Bethea v. Pennsylvania,* 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004).

*Deyarmin v. Consol. Rail Corp.,* 931 A.2d 1, 8–9 (Pa.Super.2007), *appeal denied,* 597 Pa. 706, 948 A.2d 805 (2008).

Here, although Appellants' venue issue could be deemed waived for failure to raise it in the statement of questions involved, in consideration of this Court's acknowledgment of our Supreme Court's recognition of the frequent interchangeable use of these distinct terms, we will give Appellants, and their counsel, the benefit of the doubt, ignore their procedural misidentification, and address the question of venue as raised elsewhere in their brief.

■■■ "Initially, we reiterate our old rule that corporations have a constitutional right to seek a change of venue." *Purcell v. Bryn Mawr Hosp.,* 525 Pa. 237, 579 A.2d 1282, 1284 (1990) (citing *Felts v. Delaware, Lackawanna & W. R.R.,* 195 Pa. 21, 45 A. 493 (1900)).

Although a plaintiff, as a rule, may chose the forum in which to bring suit, that right is not absolute. Rule 1006 not only articulates where the plaintiff may bring the action, but also provides three distinct bases upon which a defendant may challenge the plaintiff's chosen forum: improper venue by preliminary objection, *forum non conveniens,* and inability to hold a fair and impartial trial.

*Zappala v. Brandolini Prop. Mgmt., Inc.,* 589 Pa. 516, 909 A.2d 1272, 1281 (2006).

Pa.R.C.P. 1006(d)(1) vests the trial court with considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion. Only in such a case will the order be disturbed. The applicant bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied.

*Purcell, supra.* (case citations omitted).

■■■ "Each case must be based upon its own individual facts." *Zampana–Barry v. Donaghue,* 921 A.2d 500, 504 (Pa.Super.2007), *appeal denied,* 596 Pa. 709, 940

A.2d 366 (2007) (citing *Purcell* ). "A trial court has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion." *Deyarmin, supra* at 7.

■■■■ Similarly, our standard of review for a challenge to an order transferring venue is well settled.

> A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.
>
> However, if there exists **any proper basis** for the trial court's decision to grant the petition to transfer venue, the decision must stand.

*Krosnowski v. Ward,* 836 A.2d 143, 146 (Pa.Super.2003) (citations and internal quotation marks omitted) (emphasis added). "An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will." *Sehl v. Neff,* 26 A.3d 1130, 1132 (Pa.Super.2011) (citation omitted).

The Rules of Civil Procedure address venue in pertinent part as follows.

**Rule 1006. Venue. Change of Venue**

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or

\* \* \*

(b) Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; **corporations and similar entities, Rule 2179.**

(c)(1) Except as otherwise provided by paragraph (2), an action to enforce a **joint or joint and several liability** against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

\* \* \*

(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

(2) Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the county to which the case is to be transferred.

\* \* \*

(e) **Improper venue shall be raised by preliminary objection and if not so raised shall be waived.** If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The

costs and fees for transfer and removal of the record shall be paid by the plaintiff. [ ]

Pa.R.C.P. No. 1006

Rule 2179 provides in relevant part as follows:

> (a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in
>
>> (1) the county where its registered office or principal place of business is located;
>>
>> (2) a county where it regularly conducts business;
>>
>> (3) the county where the cause of action arose; or
>>
>> (4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a).

Here, the only basis for venue in Philadelphia under Pa.R.C.P. 2179(a) that Appellants asserted in the trial court was subsection (2), the regular conduct of business. (*See* Amended Complaint at 2, ¶ 8: "Venue properly lies ... in that some or all of the corporate defendants regularly conduct business within Philadelphia County."). Appellants maintain that because improper venue was waived as to the three defendants which did not raise the issue of venue in their preliminary objections, Philadelphia County was the proper venue for the corporate defendants which did not object. (*See* Appellants' Brief, at 4, 8). Appellants further maintain that because venue in Philadelphia was proper as to the defendants which did not object, venue is proper for all corporate defendants under Rule 1006(c)(1) (allowing an action to enforce joint or joint and several liability against two or more defendants in any county in which venue may be laid against one of the defendants). (*See* Appellants' Brief, at 8). We disagree.

Our Court has previously rejected this exact argument in *Panzano v. Lower Bucks Hosp.*, 395 Pa.Super. 480, 577 A.2d 644, 645 (1990) (affirming order of trial court transferring venue).

The *Panzano* Court explained its rejection as follows:

> Waiver of objection to improper venue does not amount to a finding that venue is proper and "may be laid" there. Therefore, an action which may be brought in a particular county, because a defendant has waived objection to it, is not necessarily an action in which venue is properly laid for the purposes of Rule 1006(c). As Appellant fails to cite any case law supporting her argument, we will not endorse this interpretation of Rule 1006(c). Such an interpretation would lead to the determination that one defendant's waiver of a right to challenge the propriety of a specific venue, results in waiver for all defendants.

*Id.* at 645. *See also McLain v. Arneytown Trucking Co., Inc.*, 370 Pa.Super. 520, 536 A.2d 1388, 1391 (1988) ("That waiver [for failure to object to improper venue] did not have the effect of establishing proper venue for all remaining defendants. To hold otherwise would be to permit one defendant to unilaterally deprive an adverse party of a personal right to object to an improper forum."). Appellants' argument is contradicted by controlling law and does not merit relief.

Furthermore, Appellants argue that their choice of venue in Philadelphia was "based on what is most convenient to the plaintiff [sic][.]" (Appellants' Brief, at 8).[9] However, this assertion of most convenient

---

9. Even so, Appellants do not explain why Philadelphia was a more convenient venue for residents of Schuylkill County, when the accident occurred in Lehigh County.

forum as an additional basis for venue is apparently raised for the first time on appeal. Appellants offer no reference to the record showing where this issue was properly raised and preserved with the trial court. *See* Pa.R.A.P. 2117(c), statement of place of raising or preservation of issues; *see also* Pa.R.A.P. 2119(c), reference to record, and (e), statement of place of raising or preservation of issues.

█ "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." *Commonwealth v. Baker*, 963 A.2d 495, 502 n. 6 (Pa.Super.2008), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010). Accordingly, because Appellants failed to raise this claim before the trial court, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Zampana–Barry*, *supra* at 503 (declining to address *forum non conveniens* arguments when issue raised was improper venue); *Fritz v. Glen Mills Schools*, 840 A.2d 1021 (Pa.Super.2003) (where issue was whether venue was proper under Pa.R.C.P. 2179 and not one of *forum non conveniens*, Superior Court will not discuss why either county at issue would be more convenient forum for litigation). Therefore, Appellants' first issue does not merit relief.

In their second question, Appellants argue in the alternative that the trial court should have permitted them to engage in discovery "to make a record[.]" (Appellants' Brief, at 4; *see also id.* at 11–16). They maintain, inconsistently, that the trial court improperly placed the burden of proof on them. (*Id.* at 15). Appellants further assert that "[t]he question is whether venue is convenient in Philadel-

phia, not whether Philadelphia is the most proper forum."[10] (*Id.*). They contend that "[Appellees A.L.] Patterson and MPC [Modern Precast] have failed to show that venue in Philadelphia is improper." (*Id.*). We disagree.

█ Preliminarily, we observe that Appellants' argument misapprehends or disregards our standard of review. We review the trial court's transfer of venue for abuse of discretion. *See Krosnowski, supra*. If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. *See id.* Therefore, the question on review is not, as Appellants assert, "whether venue is convenient in Philadelphia[.]" (Appellants' Brief, at 15). The question is whether the trial court abused its discretion by transferring venue without any proper basis.

Secondly, as already noted in the analysis of the first question, Appellants did not raise the issue of convenient forum with the trial court, and may not raise the issue for the first time on appeal. *See* Pa.R.A.P. 302(a). Similarly, they further argue to this Court that the trial court improperly placed a burden on them "to justify venue." (Appellants' Brief, at 15). However, they fail to reference where they raise this issue with the trial court. Therefore, this argument is waived as well.

Furthermore, Appellants fail to support their burden of proof claim with citation to pertinent authority. (*See id.*). Instead, they assert in effect that Appellees Modern Precast and A.L. Patterson failed to prove that venue was improper, because their evidence was insufficient, and the trial court should have held an evidentiary hearing. Appellants argue, again without

---

**10.** We observe again that notwithstanding their assertion, Appellants do not develop an argument that Philadelphia is a convenient forum, or that Lehigh County is an inconvenient forum.

citation, that if the trial court determines what is the most proper forum, "[i]t is impossible for a trial court to give [Appellants'] choice of forum any weight, if that is the standard; in fact that would obviate any choice by a plaintiff." (*Id.*).

Appellants further argue that the evidence introduced by Appellees was insufficient to establish that venue in Philadelphia was not proper, (*see* Appellants' Brief, at 11), and that this Court should:

> vacate the trial court's order transferring the case to Lehigh County and remand for discovery on the issue and/or an evidentiary hearing to ascertain what contacts the defendant corporations have within Philadelphia County, and what regular business they may conduct there, as well as whether any transactions occurred from which this cause of action arose.

(*Id.* at 15–16). We disagree.

Although Appellants argue that the evidence produced by Appellees was insufficient to support transfer of venue, they did not dispute any of the factual allegations made by Appellees, and submitted no evidence to the contrary. (*See* Trial Court Opinion, 5/16/11, at 4). They argue that the trial court should have reviewed the quantity and quality of the defendants' acts performed in Philadelphia County, (*see* Appellants' Brief, at 12), yet they offered no acts performed in Philadelphia for review.

Rather, in response to the preliminary objections of Modern Precast, Appellants replied that the allegations constituted **"conclusions of law to which no response is required."** (Appellants' Answer to Preliminary Objections of Modern Precast, at 2, ¶ 37) (emphasis added). In the alternative, Appellants denied "any factual allegations," and denied that the affidavit of the chief financial officer was "factually or legally sufficient" asking the trial court

for an evidentiary hearing or "other discovery." (*Id.*).

Therefore, Appellants offered no evidence whatsoever in support of their mere bald allegation that "some or all" of the five corporate defendants regularly conducted business in Philadelphia. We also observe that from the date of the accident, January 16, 2008, until the filing of the amended complaint, September 3, 2010, Appellants had over two years and seven months to determine whether "some or all" of the defendants regularly did business in Philadelphia. Similarly, their counsel had, at minimum, from the date of the writ of summons, December 18, 2009, to the date of the answer to the preliminary objections, October 13, 2010, almost eleven months, to determine if some or all of the defendants regularly conducted business in Philadelphia.

Pennsylvania Rule of Civil Procedure 1023.1(c), in pertinent part, provides:

> (c) The signature of an attorney or *pro se* party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or *pro se* party certifies that, to the best of that person's knowledge, information and belief, **formed after an inquiry reasonable under the circumstances,**
>
> \*    \*    \*
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law, [and]
>
> (3) the factual allegations have evidentiary support or, **if specifically so identified,** are likely to have evidentiary

support after a reasonable opportunity for further investigation or discovery[.] Pa.R.C.P. 1023.1(c) (emphases added).

Here, Appellants declined to provide an answer to the preliminary objections on the ground that the venue issue was a question of law to which no response was required. Nevertheless, they denied any factual allegations and further denied the factual and legal sufficiency of Modern Precast's affidavit. They offered no evidence in support of their denials. Appellants offer no argument why, after they declined to provide any evidentiary support for their venue claim, the trial court could not grant the preliminary objections on the basis of the unrefuted evidence which was presented.

The trial court explained that "Appellants offered no reasonable set of relevant facts to this case of why this [Philadelphia County] would be the most proper venue." (Trial Ct. Op., at 4). Specifically, it noted that:

> [A]ll of the Appellees have their principal place of business outside Philadelphia. The Appellants do not live in Philadelphia. The alleged incidents did not occur in Philadelphia. All of the witnesses and locations involved are outside of Philadelphia. On this basis, there would seem to be every reason to pursue the action in Lehigh County and no reason to pursue the action in Philadelphia County.

*Id.*

We conclude on review that the trial court did not abuse its discretion in accepting the unrefuted evidence, or determining that there was no need for further discovery. *See Deyarmin, supra* at 7. It properly transferred venue to Lehigh County, where the alleged accident occurred. "[I]f there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Krosnowski, supra.*

Order affirmed.