J-S34040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARTIN P. MARIANO AND BEVERLY A. MARIANO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD F. HEYDENREICH AND ERIC HEYDENREICH, INDIVIDUALLY AND/OR D/B/A SONES' COAL YARD | : | No. 539 MDA 2021 |

Appeal from the Order Entered April 16, 2021
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  2020-CV-794-CV

BEFORE:   DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: MARCH 3, 2022**

In this property dispute matter, Martin P. Mariano and Beverly A. Mariano (Appellants), husband and wife, appeal from the order entered in the Columbia County Court of Common Pleas, granting a preliminary injunction in favor of Richard F. Heydenreich and Eric Heydenreich, individually and/or d/b/a Sones' Coal Yard (Appellees).[1]  Appellants aver: (1) the trial court erred in granting the preliminary injunction without an evidentiary hearing or a

_____

[1] An order granting a motion for a preliminary injunction is an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(a)(4).  **See** Pa.R.A.P. 311(a)(4) ("An appeal may be taken as of right . . . from . . . [a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]").

bond, pursuant to Pa.R.C.P. 1531; (2) the court lacked jurisdiction over this preliminary injunction because necessary parties were not joined; and (3) the court erred in finding Appellees would suffer immediate and irreparable harm if the injunction were not granted. We affirm.

## I. Procedural History

Appellants commenced the instant suit by filing a complaint on August 31, 2020. Their amended complaint averred the following: Appellants purchased real property in Bloomsburg, Columbia County on March 16, 2020, and intend to develop a 7,000 square feet commercial building "with 21 accessory parking spaces."[2] Appellants' Amended Complaint, 10/6/20, at 1-3 (unpaginated).[3] Appellees own an adjoining property, on which they operate a business preparing and selling coal.[4] *Id.* at 2. The boundary line between the two properties "contains a 20 feet wide shared joint alley[,]" and the parties additionally "share the right of use in a 16 feet wide joint alley." *Id.* Both "alleys are for the mutual use and benefit of [Appellants and Appellees] for ingress, egress and regress to their respective properties[.]" *Id.*

---

[2] According to Appellees, Appellants have "demolished the building situated thereupon." Appellees' Brief at 2.

[3] Appellants titled their amended complaint as "Complaint," and it is entered on the trial docket as such.

[4] Appellees aver they "have operated the coal yard in a consistent manner since the 1930s[.]" Appellees' Brief at 2.

Appellants' amended complaint averred Appellees have encroached on the joint right of ways, as well as their property, by, *inter alia*: (1) constructing or maintaining, in the 20-foot wide joint alley, an awning and portions of a garage and a scale; (2) constructing or maintaining, on Appellants' property, a backfilled block-wall and a portion of a scale; and (3) "driving over" Appellants' property to access a trestle on Appellees' property. Appellants' Amended Complaint at 2-3. Appellants further alleged that in 2011, Appellees received a zoning variance based on inaccurate assertions concerning a joint right of way. *Id.* at 11. Appellants' complaint raised seven counts against Appellees: private nuisance, negligence, trespass, conversion, ejectment, "action to enjoin zoning violation and declare zoning decision void," and "injunction." *See id.* at 3, 6, 8-9, 11, 13.

Appellees filed preliminary objections to the amended complaint. On March 18, 2021, the trial court heard oral argument *via* video call. *See* Trial Ct. Op., 4/22/21, at 2. On April 22nd, the court issued an opinion and order, dismissing most of Appellees' preliminary objections but sustaining an objection pertaining to punitive damages. The court thus struck "[a]ll counts claiming Punitive Damages." *Id.* at 10.

Meanwhile, on March 29, 2021, Appellees filed the underlying petition for a preliminary injunction. They argued that on March 23rd,

> just five days after oral argument on [their] Preliminary Objections, [Appellants] and/or their agents . . . erected concrete jersey barriers, physical devices, parked heavy machinery/ equipment, and otherwise barred the ingress and egress to

[Appellees'] right-of-way in the area of a railroad switchback, of which ownership and right to access is at issue in the subject litigation.

Appellees' Petition for Special Relief Injunction Pursuant to Pa.R.C.P. 1531, 3/29/21, at 2 (unpaginated). Appellees asserted they use a ramp in that "railroad switchback area" to empty coal loads into storage chambers, and to access "existing stored coal in order to fulfill customer orders." *Id.* at 2-3. Appellees alleged that unless Appellants are enjoined from blocking the shared right of way, they will suffer lost "substantial business opportunities and profits," and thus "immediate, substantial, and irreparable harm." *Id.* at 4. Appellants filed an answer to the petition.

The trial court conducted oral argument on April 7, 2021. Appellees argued their right to use the area in question was set forth in a 1936 deed and has "been conveyed through every subsequent deed." N.T., 4/7/21, at 3. Appellees averred the barriers have resulted in "no turning radius" for their tractor trailers, they have "missed deliveries" due to the barriers, and "they will be out of business before the ultimate issues in this case [are] resolved." *Id.* at 4, 12. Appellees were seeking a preliminary — not permanent — injunction in order to preserve the status quo and to be "able to continue to perform their business function[s]." *Id.* at 4. They pointed out this case was "only in the preliminary objection phase," they have not yet answered the complaint nor filed new matter, and the ultimate issues of the case need not be decided at that time. *Id.* at 3-4.

- 4 -

Appellants responded that the "railroad switchback" right of way was not the same right of way that is the "subject of this lawsuit." N.T. at 8. ***See also id.*** at 9 (Appellants' counsel arguing, "[Appellees] erected a building . . . within . . . the shared right of way which forms a significant part, if not the primary part, of the underlying lawsuit here."). Appellants also denied they erected any barriers, and instead, it was Greek Development, LLC (Greek Development), which "has a lease with the railroad company for that piece [sic] [and has] permission under that lease to erect barriers" and to "stop the parking or abandonment of vehicles." ***Id.*** at 7, 9. Appellants claimed that because Greek Development was not a party to this lawsuit, "this injunction is not properly before" the trial court. ***Id.*** at 8, 10-11. We note Appellants also stated that the barriers "were erected months [earlier] to outline the boundaries of [Appellants'] property." ***Id.*** at 14.

Appellees acknowledged their proposed injunction related to a different right of way from the one underlying one of Appellants' claims, but pointed out "there are multiple right of ways on both of the properties." N.T. at 11. Appellees maintained they had a deeded right to use this right of way, but it "has been blocked." ***Id.*** Appellees then argued the "railroad switchback area" was located on Appellants' property, and thus their arguments concerning Greek Development as a lessee were meritless:

> [Appellants] remain the owners of the property. [A]ny lessee of [Appellants] is obligated to honor the language of the deed and . . . any rights of ways . . . conveyed to [Appellees. A]ny

- 5 -

> Order issued by the Court would apply to any party or non-party in an effort to preserve the status quo.
>
> So any allegation of non-joinder or mis-joinder . . . does not apply because [Appellants] are the owners of that property. [Appellants] have an obligation to enforce the parameters of those property rights on any lessee[.]

*Id.* at 13.

On April 16, 2021, the court issued the underlying order, granting Appellees' petition for a preliminary injunction, and enjoining Appellants from, *inter alia*, blocking Appellees' ingress and egress of, and access to, the coal storage area.[5] The order also directed Appellants to remove any concrete barriers and equipment preventing Appellees' access to the coal storage area and "switchback right of way." Order, 4/16/21, at 2. Appellants timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

## II. Statement of Questions Involved & Standard of Review

Appellants raise four related issues on appeal:[6]

1. Whether the trial court erred when it failed to conduct a hearing prior to issuing a preliminary injunction in favor of [Appellees],

---

[5] Subsequently, as stated above, on April 22, 2021, the trial court sustained in part and dismissed in part Appellees' preliminary objections.

[6] We have reordered Appellants' issues for ease of review. Furthermore, we note that whereas Appellants present four issues in their statement of questions involved, their argument section is divided under only two headings. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").

where it heard no factual testimony and took no evidence prior to granting the preliminary injunction.

2. Whether the trial court erred when it issued an order granting special injunctive relief against [Appellants] and in favor of [Appellees] without a bond, in violation of Pa.R.C.P. 1531.

3. Whether the trial court erred when it issued an order for injunctive relief against [Appellants] when the right-of-way is owned and maintained by third parties, i.e., Greek Development, LLC, and SEDA-COG Railroad, who are not parties to the within litigation and were not served with [Appellees'] Petition and, as such, the Court lacks personal and subject matter jurisdiction.

4. Whether the trial court erred when it issued an order granting preliminary injunctive relief where [Appellees] did not show immediate and irreparable harm and where [Appellees'] right to relief is not clear given the language of documents relied upon by [Appellees] in support of their petition and where, as a matter of law, [Appellees] cannot establish a lawful claim via adverse possession or otherwise with respect to the railroad grade.

Appellants' Brief at 4.

We review an order granting preliminary injunctive relief for an abuse of discretion, and our scope of review is plenary. *SEIU Healthcare Pennsylvania v. Commonwealth*, 104 A.3d 495, 501 & n.7 (Pa. 2014) (*SEIU*).

Under this highly deferential standard of review, an appellate court does not inquire into the merits of the controversy, but examines the record "to determine if there were any apparently reasonable grounds for the action of the court below."

*Id.* (citations omitted).

"An injunction can be either preventative or mandatory in nature." *Shepherd v. Pittsburgh Glass Works, LLC*, 25 A.3d 1233, 1241 (Pa. Super. 2011). A mandatory injunction "command[s] the performance of some

- 7 -

specific act that will maintain the relationship between the parties," "are subject to greater scrutiny, and must be issued more cautiously than preventative injunctions." *Id.* "[I]n reviewing the grant of a mandatory injunction, we have insisted that a clear right to relief in the plaintiff be established." *Greenmoor, Inc. v. Burchick Constr. Co.*, 908 A.2d 310, 313 (Pa. Super. 2006) (citation omitted). We note that here, the trial court's command to Appellants to remove any barriers or impediments is a mandatory injunction.

On the other hand, a preliminary, or "preventative," injunction forbids an act, "does not require either party to take an affirmative action[,]" but "simply maintains the present status quo" "until the litigants' rights are adjudicated on the merits." *Shepherd*, 25 A.3d at 1241. "[I]t is not mandatory in nature and not subject to a heightened standard of review. *Id.* Accordingly, a movant must merely "demonstrate a likelihood that he will obtain a favorable ruling on the merits of the controversy and not that he will, in fact, ultimately win." *Id.* at 1247. Here, the trial court order's provisions, enjoining Appellants from interfering with Appellees' access or interfering with Appellees' business, are preventative in nature.

In order to obtain preliminary injunctive relief, the moving party must establish the following six "essential prerequisites[:]"

> 1) that the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance

- 8 -

of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and, 6) that a preliminary injunction will not adversely affect the public interest.

*Warehime v. Warehime*, 860 A.2d 41, 46–47 (Pa. 2004) (citation and internal punctuation omitted).

### III.  Lack of Evidentiary Hearing Under Pa.R.C.P. 1531

In their first issue, Appellants aver the trial court erred in granting a preliminary injunction without first conducting an evidentiary hearing.  They cite Pa.R.C.P. 1531 as requiring a "hearing," and then aver Black's Law Dictionary defines a "hearing" as "a proceeding in which evidence is taken and reviewed, along with the arguments of counsel."  Appellants' Brief at 9-10, 11.  Appellants reason that because no testimony or evidence was taken on April 7, 2021, "'no hearing' in fact occurred," and furthermore, they were denied "the opportunity to be heard[.]"  *Id.* at 10-11.  We conclude this issue is waived for failure to raise it before the trial court.

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  At the April 7, 2021, hearing, Appellants' counsel concluded her argument to the trial court by stating:

[I]f the Court would be inclined to hear testimony, we're prepared to present it.  However, essentially, what I'm telling the Court is an offer of proof as to what our testimony would show.

- 9 -

N.T. at 10. Neither party made any request to present evidence. At the end of the hearing, when the trial court advised the parties, "All right. I'll let you know," Appellants similarly made no objection nor request to present evidence. *See id.* at 14-15.

Appellants do not cite the place in the trial record where they raised a claim that the court erred in not taking evidence or testimony. *See* Pa.R.A.P. 2117(c) (statement of case section of appellate brief shall specify place in record where, and manner in which, "the questions sought to be reviewed were raised"), 2119(e) (same of argument section); *Schultz v. MMI Prods.*, 30 A.3d 1224, 1230 (Pa. Super. 2011) ("[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review."). Our review shows Appellants raised this claim for the first time in their Rule 1925(b) statement. *See* Appellants' Concise Statement of Matters Complained of on Appeal, 5/26/21, at 1 (unpaginated). It is thus waived for our review. *See* Pa.R.A.P. 302(a); *Irwin Union Nat'l Bank & Tr. Co. v. Famous*, 4 A.3d 1099, 1104 (Pa. Super. 2010) ("It is well settled that issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal.").

Furthermore, even if this issue were not waived, no relief would be due. Rule 1531(a) provides:

> (a) A court shall issue a preliminary or special injunction only after written notice and hearing **unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained** before notice can be given or a hearing

- 10 -

held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a) (emphasis added). First, the rule does not absolutely require a hearing, and instead provides a preliminary injunction may be granted absent a hearing if the trial court is satisfied, after review of the pleadings, "that immediate and irreparable injury will be sustained." *See id.*

Furthermore, we would disagree with Appellants' contention that a "hearing" must include the presentation of evidence. The definitional section of the Pennsylvania Rules of Civil Procedure does not define the term "hearing." *See* Pa.R.C.P. 76. Our review of the Eleventh Edition of Black's Law Dictionary does not support Appellants' claim that it defines a "hearing" as including the presentation of evidence. *See* Appellants' Brief at 11. Instead, this edition states:

> **hearing. 1.** A judicial session, usu. open to the public, held for the purpose of deciding issues of fact or of law, **sometimes** with witnesses testifying . . .

BLACK'S LAW DICTIONARY, 11th Ed., 2019 (emphasis added). Under the main definition of "hearing" appears several definitions for various types of hearings, including:

> ***evidentiary hearing. 1.*** A hearing at which evidence is presented, as opposed to a hearing at which only legal argument is presented. . . .

- 11 -

*Id.*  Both of these definitions contemplate that a "hearing" may include, but does not require, the presentation of evidence.

### IV.  Lack of a Bond Under Pa.R.C.P. 1531

Appellants' second issue relates to Rule 1531(b)'s reference to a bond.[7]

The sum of Appellants' discussion is:

> Finally, Pa.R.C.P. 1531(b) requires the petitioner to pay, and the Court to order, the posting of an appropriate bond.  The trial court acknowledges this wasn't done here, nor was it addressed in any fashion.  Therefore, the injunction should be vacated by [the Superior] Court.

Appellants' Brief at 15-16.

We determine this issue is likewise waived for Appellants' failure to preserve it in the trial court proceedings.  *See* Pa.R.A.P. 302(a).  They made

---

[7] Rule 1531(b) states that generally,

> a preliminary or special injunction shall be granted only if

> (1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees, or

> (2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary upon the same condition as provided for the injunction bond.

Pa.R.C.P. 1531(b)(1)-(2).

no mention of a bond at the April 7, 2021, hearing, and raised no challenge following the April 16, 2021, order granting the preliminary injunction.

Furthermore, we note the trial court reasoned:

[T]here is no need for a bond since there has been no showing of potential monetary loss by [Appellants] resulting from [a preliminary injunction.] The only feasible thing that [Appellants] stand to retain or lose as a result of the Order is the imposition of annoyance to and disruption of [their] business.

Trial Ct. Op., 7/14/21, at 6-7. Appellants do not address this rationale, though we note they now contend the preliminary injunction would prohibit them "from using [their] property in any manner, as [they have] no other access to [their] property except over the property of [Appellees] and the third parties, namely the railroad and Greek Development[.]" **See** Appellants' Brief at 15. This argument is waived, as Appellants made no claim before the trial court that the preliminary injunction would prevent their own access to their property. **See** Pa.R.A.P. 302(a).

## V. Grounds for the Preliminary Injunction & Joinder of Third Parties

We address Appellants' last two issues together. We first note that although the trial court's order included both mandatory (remove impediments and barriers) and preventative (refrain from impeding access) injunction measures, Appellant's brief only addresses preventative injunctions. Furthermore, Appellants do not address — either confirming or denying — Appellees' argument, at the hearing, that the "railroad switchback" right of way area is located on Appellants' property. Instead, Appellants state:

"[T]he SEDA-COG Railroad, and its predecessors, own the right-of-way which adjoins both parties' properties, including any alleged switchbacks." Appellants' Brief at 12. Meanwhile, Appellants reiterate, Appellees have not shown they have a right to use the "railroad switchback area," as they have not established adverse possession or any other "interest appearing of record." *Id.* at 14. Appellants also assert Appellees have "failed to join the parties who have lawful access over the railroad right of way, namely the railroad and Greek Development, . . . who holds an exclusive lease with the railroad for use of the railroad right-of-way[.]" *Id.* Appellants thus conclude the trial court lacked subject matter jurisdiction to enter the preliminary injunction.[8] *Id.*

In their last issue, Appellants allege Appellees have failed to establish that: (1) they will suffer irreparable and immediate harm that cannot be compensated; or (2) they cannot access their property without accessing Appellants' property or "the old railroad grade [sic]." Appellants' Brief at 14. No relief is due.

In insisting that Appellees have not established a right to use the "railroad switchback area" "via adverse possession or otherwise," Appellants

---

[8] Appellants' statement of questions involved also avers the trial court lacked **personal** jurisdiction over Greek Development and the railroad. Appellants' Brief at 4. However, they present no argument on personal jurisdiction. *See id.* at 14.

do not dispute — and wholly ignore — the trial court's discussion. ***See***
Appellants' Brief at 14. The court reasoned that the question of whether
Appellees have a "lawful claim" to use the disputed area "is an issue of fact to
be determined by the finder of fact during the trial process. This fact has yet
to be determined by a jury or bench trial[.] Thus, this issue is not ripe for
review." ***See*** Trial Ct. Op., 7/14/21, at 7. Appellants overlook Appellees'
repeated averments that such a right was set forth in a 1936 deed and was
conveyed to them. ***See*** N.T. at 3, 6, 11. Furthermore, Appellants' complaint
raised issues concerning several right of ways — notwithstanding their
assertion at the hearing that only the 20-foot right of way was the "primary"
subject of this litigation — and as Appellees pointed out at the hearing, they
have not yet filed an answer or new matter to the complaint. ***See*** N.T. at 3.
At this stage of the proceedings, Appellees were not required to show they will
"ultimately win," but instead merely "a likelihood [they] will obtain a favorable
ruling on the merits of the controversy[.]" ***See Shepard***, 25 A.3d at 1247.

With respect to their claim that the trial court lacks subject matter
jurisdiction over the preliminary injunction because Greek Development and
the railroad company were not joined, Appellants again ignore the trial court's
discussion. ***See*** Trial Ct. Op., 7/14/21, at 4-6. The court reasoned:

> With regards to the issue of misjoinder/nonjoinder, at their option,
> the roadway or railroad companies may interplead into this
> litigation at a later date. Presently, the court maintains personal

jurisdiction over the current parties to the litigation and subject matter jurisdiction over the matter at hand."[9]

*Id.* at 6. Additionally, the court's order enjoined only Appellants — and no other landowner, tenant, or lessee — from blocking Appellees' ingress and egress to the disputed area. Finally, even if the order imposed any restrictions or actions on Greek Development or the railroad company, Appellants present no authority or explanation why they would have standing to object to jurisdiction on their behalf.

With respect to whether Appellees have established an immediate and irreparably injury, Appellants again ignore that the trial court has addressed this claim. The court reviewed a photograph of the disputed area and the affidavit of Appellee Richard Heydenreich and found: (1) the disputed area "was indeed sufficiently blocked as to prevent ingress and egress of large vehicles as would normally be necessary to conduct coal yard business[;]" and (2) Appellees have established an immediate injury "in that every business day that passed when [they] could not conduct . . . normal business was another day that [they lost] revenue." Trial Ct. Op., 7/14/21, at 3-4.

---

[9] The trial court's opinion also stated, contrary to Appellants' arguments, that it was Appellants who erected the barriers. Trial Ct. Op., 7/14/21, at 4, 5. We reiterate that no evidence or testimony was presented to the trial court on this issue. In any event, Appellants raise no objection or argument on this finding, and it does not affect our disposition of this appeal.

Appellants present no argument why the court erred in arriving at these findings.

## VI. Conclusion

Appellants' present claims are waived or are meritless, as discussed above. Accordingly, we affirm the order of the trial court granting Appellees' petition for a preliminary injunction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/03/2022