J-A01040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RAYMOND R. ROBB AND HARRIET ROBB | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 467 MDA 2021 |
| ROBERT F. WEIDA AND TERI L. WEIDA; WEIDA FAMILY IRREVOCABLE TRUST | : | |

Appeal from the Judgment Entered April 14, 2021
In the Court of Common Pleas of Susquehanna County Civil Division at
No(s): 2018-233 CP

BEFORE: LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:     **FILED: MARCH 28, 2022**

Raymond R. Robb and Harriett Robb, husband and wife, (collectively, the Robbs) appeal from the order, entered in the Court of Common Pleas of Susquehanna County, entering judgment in favor of the Appellees, Robert F. Weida, Teri L. Weida, and the Weida Family Irrevocable Trust (collectively, the Weidas), in this ejectment action. Upon review, we affirm.

On March 25, 1997, the Robbs purchased a purported 40-acre parcel of land in Oakland Township, Susquehanna County, from the Susquehanna County Tax Claim Bureau. The deed described the property as "40 acres, maps number 0.53.00-2,033.00,000" (the Robbs' deed) and was recorded in Deed Book 532, Page 1006. The Robbs' deed did not contain a metes and

bounds description of the land, but was described by adjoining parcels and depicted on the Susquehanna County Tax Assessment Map.

After unsuccessful attempts to locate the real property described in the Robbs' deed, the Robbs retained Scott Williams, a licensed land surveyor, to determine where the real property was located. Ultimately, Williams determined that the property conveyed to the Robbs was actually 48.23 acres, a portion of which was in the possession of the Weidas. Additionally, Williams concluded that the property depicted on the county assessment map was inaccurate and depicted not the Robbs' deed, but rather land owned by Mark and Denise Lyons (collectively, the Lyonses).

Based upon the Williams survey, on February 1, 2018, the Robbs filed a civil complaint against the Weidas seeking (1) ejectment of the Weidas, and (2) a declaratory judgment that the Robbs are the owners of the real property described in the Williams survey.

The Weidas own a 150-acre parcel of land on the north side of State Route 171 in Oakland Township, Susquehanna County, Pennsylvania, (the Weidas' parcel) and acquired said real property by a deed from the Estate of LeGrande C. Beavan. Both the Robbs' deed and the Weidas' parcel can be traced back to the John Lubinski deed (the Lubinski deed).[1] **See** Trial Court

---

[1] The Weidas' chain of title begins from the Lubinski deed in 1950. Trial Court Opinion, 11/18/20, at 6. The Robbs' chain of title begins from the Lubinski deed in 1968. **Id.**

Opinion, 11/18/20, at 2-10 (listing findings of fact and detailed history of land transfers).

In response to the Robbs' ejectment action, the Weidas hired Joseph Barrett, a licensed land surveyor, to rebut and/or verify the Williams survey. Barrett ultimately concluded that the real property described in the Robbs' deed was always located on the westerly side of the Weidas' parcel. Further, Barrett concluded that the Weidas were not currently in possession of any of the land described in the Robbs' deed, because the Robbs' deed was based on an incorrect county assessment map. Barrett, similar to Williams, concluded that the land depicted on the county assessment map belonged to the Lyonses, and was not the real property described in the Robbs' deed.

On June 4, 2018, the Weidas filed an answer, as well as new matter and counterclaims against the Robbs. In the counterclaim, the Weidas asserted claims of (1) quiet title (adverse possession), and (2) ejectment of the Robbs. Subsequently, the Weidas filed a motion for summary judgment, in which they alleged that the Robbs had failed to provide sufficient evidence to demonstrate ownership of the real property in question, because the Robbs had relied upon a defective property description in the deed the Robbs had received from the Susquehanna County Tax Claim Bureau.

On July 12, 2018, the Robbs filed an answer to new matter and counterclaim, in which they denied all of the Weidas' claims, but acknowledged that the Weidas acquired their property prior to the Robbs.

After a trial, conducted on October 26, 2020, the trial court denied the Robbs' claims for ejectment and declaratory judgment, finding that the Robbs had not proven that they owned any of the land in the Weidas' parcel. In particular, the trial court concluded that the Robbs' argument relied not on the strength of their deed, but rather, on the perceived weaknesses in the Weidas' parcel descriptions. Therefore, the trial court concluded that the Robbs had failed to satisfy their evidentiary burden and denied the Robbs' claims.

With regard to the Weidas' counterclaims for quiet title and ejectment, the trial court determined that it lacked subject matter jurisdiction, because indispensable parties had not been joined to the action. In particular, the trial court concluded that the Robbs were not an indispensable party to the Weidas' claims. Rather, the trial court concluded that whoever properly owned the 40-acre parcel the Weidas sought to quiet title for, was an indispensable party that was not joined to the action.[2]

The Robbs filed a timely notice of appeal and both the Robbs and the trial court have complied with Pa.R.A.P. 1925. The Robbs raise the following claim for our review:

> Did the [t]rial [c]ourt commit reversible errors by failing to dismiss the [Robbs' c]laims seeking [e]jectment and [d]eclaratory [r]elief when there were not indispensable parties joined in this action

---

[2] The trial court added that the "heirs of Lubinski" were the indispensable party in question, because "any final order quieting title would impact upon their interest in the disputed real property." Trial Court Opinion, 11/18/20, at 14.

- 4 -

and the trial court therefore lacked subject matter jurisdiction to reach a decision on the merits as to the [Robbs'] claim?

Brief for Appellant, at 4.

The Robbs claim that the trial court erred in addressing the merits of their claims, while simultaneously concluding that it lacked subject matter jurisdiction over the Weidas' claims of quiet title and ejectment. *Id.* at 9. In particular, the Robbs contend that the trial court determined the "heirs of Lubinski" and the Lyonses were indispensable parties to the action and, therefore, the trial court should have determined that it similarly lacked subject matter jurisdiction over the Robbs' claims. *Id.* at 9-11. The Robbs acknowledge that they did not possess the real property in question at the initiation of proceedings, nor at any time during the proceedings. *Id.* at 11. Nevertheless, the Robbs argue that the trial court should have ordered either that the alleged indispensable parties be joined to the action, or dismissed the Robbs' action as lacking subject matter jurisdiction for failure to join the indispensable parties who did own the land because any decision "would have [affected] their property rights." *Id.*

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Schultz v. MMI Prod., Inc.*, 30 A.3d 1224, 1226 (Pa. Super. 2011). Issues of subject matter jurisdiction cannot be waived. *In re Melograne*, 812 A.2d 1164, 1166 (Pa. 2002). Subject matter jurisdiction may be challenged at any time, including for the first time on appeal. *Strasburg Scooters, LLC v. Strasburg Rail Rd., Inc.*, 210 A.3d 1064, 1067 (Pa. Super. 2019). Moreover, it is "well settled that a

judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void." *Id.* (quotation omitted). Subject matter jurisdiction raises a question of law for which our standard of review is *de novo* and scope of review is plenary. *Id.* "The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction." *Id.* at 1069.

Preliminarily, there is a distinction between an ejectment action and an action for quiet title. An ejectment action has only one indispensable party, the party who is in actual possession of the land. *Bannard v. N.Y. State Natural Gas Co.*, 172 A.2d 306, 310 (Pa. 1961). By contrast, an action for quiet title generally adjudicates title among competing claims of ownership, regardless of actual possession. *See Orman v. Mortgage I.T.*, 118 A.3d 403, 406-07 (Pa. Super. 2015) (detailing subject matter jurisdiction analysis for quiet title actions and stating "all parties who claimed title to the property at issue **must** be joined as indispensable parties") (emphasis added).

Instantly, the trial court's order reads as follows:

1. As to [the Robbs'] ejectment count against [the Weidas], the court finds in favor of [the Weidas] and against [the Robbs] as a result of [the Robbs'] failure to meet the necessary evidentiary burden.

2. As to [the Robbs'] declaratory judgment count, the court finds in favor of [the Weidas] and against [the Robbs] as a result of [the Robbs'] failure to meet the necessary evidentiary burden.

3. [The Weidas'] counterclaims for quiet title and ejectment (adverse possession) are **DISMISSED** for lack of subject matter jurisdiction based upon the failure to join indispensable parties.

Trial Court Order, 11/18/20, at 1 (emphasis in original).

It is clear from the trial court's order that the only indispensable party to the Robbs' *ejectment* action were the Weidas, as the Weidas were in actual possession of the real property sought by the Robbs. **See id.**; Trial Court Opinion, 11/18/20, at 10-12 (discussing Robbs' claims and assertions that alleged 40-acre parcel was in possession of Weidas). Likewise, it is similarly clear that the trial court dismissed the Weidas' *counterclaims for quiet title* because indispensable parties were not joined and the Robbs were *not* an indispensable party. Trial Court Order, 11/18/20, at 1; Trial Court Opinion, 11/18/20, at 12-16.

Importantly, the Robbs have appealed the denial of their **ejectment** action. Having set forth the distinction between the two claims above, we conclude that the trial court had subject matter jurisdiction over the Robbs' ejectment action. **See Sabella v. Appalachian Development Corp.**, 103 A.3d 83, 91-92 (Pa Super. 2014) (citing **Bannard**, 172 A.2d at 310) (parties with mere potential claim to underlying title are **not** indispensable parties to ejectment action). Thus, the trial court did not err or abuse its discretion by addressing the merits of the Robbs' claims. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2022